Hoffman J.
After stating the facts observed, that the utmost extent to which the evidence in the cause went, was to show that each of the trustees had funds enough in his hands, arising from the proceeds of the property assigned, to pay the demand of the plaintiffs ; and the question was, whether such proof could sustain this action.
The plaintiffs, in order to make the defendants liable, must prove an express promise on their part to pay this demand ; and in order to support their declaration, they must also show that the promise was a joint one. There can be no doubt that either of these defendants, or both of them, might be made liable by an express promise to pay over to a cesimj que trust, an amount of money, which they held for him as trustees. But here no express promise is proved, and I doubt whether any can be implied, from the facts, which will sustain the action.
No case has been cited where an action has been maintained in a court of law against trustees, upon the mere ground, that funds had passed into their hands. If that position were correct, an action at law might always be maintained against trustees’ *141 to their great prejudice, and the utter confusion of their accounts. In the case of Weston v. Barker, Judge Thompson maintains his argument upon the sole ground, that there were facts enough in that case to show an express promise. He did not go beyond this point, and did not mean to give the latitude claimed here by the plaintiffs. In the case cited from Paine’s Reports, his opinion was placed upon a ground entirely different from that assumed here, and that opinion cannot, therefore, aid the plaintiffs in this matter.
As a general proposition, it is undoubtedly true, that a trustee is not liable to be sued by the cestuy que trust in a court of law, from any obligations resting on him as trustee merely. He may, if he choose, vary his responsibilities by his own acts, and by an express agreement. If he admit that he has funds in his hands for the cestuy que trust, and promise to pay them over to him, the law will find no difficulty in supporting the promise by a sufficient consideration. But if no promise be proved, it cannot be implied as an inference of law from a given state of facts. A case may exist where the Court or jury might infer that an express promise was made, although not proved in direct, explicit, and unequivocal terms. The necessity of proving an express promise is one thing, and the mode by which it shall be done is another.
From the facts shown in this case, I take it to be clear, that the remedy of the plaintiff is in chancery; and creditors in such cases must look to that tribunal. It is certainly true, that here is no joint promise proved, and yet such a promise is absolutely necessary to maintain a joint action.
The most that could be claimed under the facts, would be a several action against each trustee, upon his own admissions; for then his answer would be evidence against himself. The general rule is, that each trustee is liable for his own acts and not for those of his co-trustee, although some exceptions to this may be found. But here the answer of Jewett is no evidence against Parsons; and the latter cannot be convicted except by his own admissions. But he has not confessed a joint liability and a new trial must be granted. I think, however, that the remedy of the *142 plaintiffs is properly in equity, and if they choose to be nonsuited, they may take that course instead of proceeding to a new trial.
Oakley J. after stating the facts. I am satisfied, on reflection, that I ought to have nonsuited the plaintiffs at the trial. The action being against the defendants jointly, a joint promise must be proved, either expressly or impliedly. There is no proof of any express promise, either jointly or severally; and the law cannot, as against these defendants, imply a direct promise, from the fact that each is in possession of funds, sufficient to discharge the debt, and that it is the duty of each to pay it. The rule appears to be well settled, that trustees are not jointly liable to the cestuy que trust, unless they have made themselves so "by some joint act. Each is responsible for his own acts, and for the money that he receives. Kirby v. Turner and others, 1 Hop. Ch. R. 309. Morrell v. Morrell, 5 J. C. C. 296.]
In the absence, then, of any evidence of an express promise on the part of the defendants, it seems that the law cannot raise a joint assumpsit; as their responsibility to account for and pay over the trust funds is, in its nature, separate and distinct.
I do not mean to give any opinion on the point, whether, under the peculiar circumstances of this case, an action at law will lie against either of the defendants separately. The plaintiffs have, no doubt, a perfect and easy remedy by application to the Court of Chancery, to compel an execution of the trust.

New trial granted.

[W. P. Hawes, Att'y for the plffs. W. S. Johnson, Att’y for Parsons. J. W. Girard, Att’y for Jewett.]