Robertson, J.
The foundation of the argument of the plaintiff’s counsel, was a charge of fraud against the defendant in obtaining from a partnership composed of the assignor of the claim in controversy to the plaintiff and two others, an assignment of their assets, upon trust or condition of compromising or paying their debts, which were far less than the amount realized therefrom, and refusing to pay notes given by such assignor in com *293 promise of a claim; no such fraud is charged in the complaint or made the ground of the defendant’s liability; but a distinct contract is sued upon, made upon the giving of such notes, which is neither established by the evidence nor found by the Referee. It is true he finds all other facts alleged in the complaint but that, and makes the defendant liable upon two conclusions of law applied to such findings, to wit: that if the plaintiff’s assignor had not made the assignment, he would have been entitled to recover the amount awarded, and that the plaintiff is subrogated to all the rights of such assignor. As the Referee does not furnish us with the intermediate steps or principles of law, by which he arrives at such a result; it is difficult for us to conjecture them.
The plaintiff does not represent, or profess to represent, any creditor of the partnership in question, but merely a claim of one of the members against the defendant. He is not, therefore, entitled to recover by reason of any supposed right of a creditor of such firm to compel the defendant to carry out the purpose of the original transfer to him: if he were, he could only enforce such claim by an action making all the creditors parties, and founded expressly on it; besides which, the right of which the plaintiff is assignee, and for which alone he can sue, is a debt due to his assignor from the defendant for moneys paid by the former to an alleged creditor of his, at the request of the latter. Nor can it be contended, in this case, that the plaintiff has been subrogated to any rights of his assignor, acquired by paying a debt which the defendant, as assignee,-should have paid, in consequence of becoming the principal debtor as between such assignor and the defendant; for it is neither alleged nor proved that the Suffolk County Mills, whose claim was compromised, was, in fact, a creditor of the partnership, or one whose claim was to be paid by the defendant. On the contrary, the claim, which was for $2,500, was resisted by a suit, and finally compromised for half the amount, of which the plaintiff paid a little less than half. I do not see, therefore, by omitting the express promise alleged in the complaint, how any case can be made from the pleadings and proofs so as to sustain this as an action by a second assignee of a creditor as a cestui que trust proceeding against an assignee of the debtor in trust to pay such creditor, for an account and payment *294 of his debt, which is the only view of the law which could by possibility sustain the judgment of the Referee upon the facts found by him, even if we could apply any other conclusions of law than those stated by him.
This brings us to an examination of what is the case presented by the pleadings. The complaint alleges the holding, by the Suffolk County Mills, of a claim against three persons composing a partnership, in the year 1852, known by two different names; the commencement of a suit against them by such corporation; the giving of two notes in settlement of such claim by one of the partners at the request of the defendant, and upon his promise to pay the same out of certain assets of the partnership long previously assigned to him, and the profits made by him out of the employment of such assets; the payment of such notes by the maker, and his assignment of his claim to the plaintiff. Any condition or trust imposed upon the defendant at the time of the assignment of such assets, although alleged in the complaint, appears to me to be wholly immaterial. The request of the defendant, and his promise to pay the notes, are put in issue by the answer, and neither of them has been found by the Referee, unless “advice” is tantamount to them, nor was any evidence offered of any such request or promise.
Even if the promise, as alleged, had been found by the Referee, some doubt might be entertained whether an action could be maintained upon it. No new consideration is alleged for it. It is true the notes were given by Bowers, but it was to settle a claim against himself; and if he were not to pay them, it is difficult to say what he parted with, or was to do, as a consideration. It is even left in a state of uncertainty whether Bowers had been or not previously bound to pay the claim for which the notes were given as a compromise. The novel position of a stranger promis-' ing a debtor that, if he would pay his own debts, such third party would reimburse him, requires some prejudice or benefit to some one to sustain it. The already executed transfer of the assets of th.e partnership, under which the rights of every one were already fixed, or any preexisting promise by the defendant to pay all the debts of the firm in question, including that of the Suffolk County Mills, unless modified for the defendant’s benefit *295 or the injury of Bowers, which is not pretended, could not form a new consideration.
The plaintiff’s case, as presented by the pleadings and evidence, has therefore failed; and, notwithstanding the voluminous testimony, oral and documentary, introduced to establish a parol condition to vary the terms of the original transfer of assets to the defendant, and the amount realized by him therefrom, it has become entirely useless, from the want of proper pleadings and findings, to sustain any case which might be made out; nor do I see how the pleadings could be moulded to fit any case made by the evidence or found by the Referee, without changing the nature of the action.
The judgment appealed from should be reversed, and the report of the Referee set aside and a new trial granted, with costs to abide the event.
Bosworth, Ch. J.
Exclusive of the matters stated by way of inducement to the special promise set forth in the complaint as the ground of direct personal liability to the plaintiff’s assignor, the gist of the case alleged is, that Henry C. Bowers, “ at the special instance and request” of the defendant, gave to the Suffolk County Mills his two notes of $275 each, and that “the defendant then and there agreed to pay the same out of the assets aforesaid and profits aforesaidthat he failed and refused to do so; that Bowers was compelled to pay, and did pay, the same; and that Bowers has “ sold, assigned and transferred and set over the aforesaid demand to the plaintiff in this action.”
The assignment from Bowers to the plaintiff is of “ a certain debt due me (Bowers) from Samuel W. Tallmadge, amounting to the sum of five hundred and fifty dollars, for money paid at the special instance and request of said Samuel W. Tallmadge to the Suffolk County Mills.”
The defendant, in his answer, denied that the two notes were given at his request, or that he ever promised to pay them from any source.
The Referee has not found that these two notes were given by Bowers at the request of Tallmadge, or that he ever promised to pay them either personally or out of any specified funds, or at all.
*296 The defendant, then, if he is to be charged at all, cannot be charged on any special promise to pay these two notes.
It was proved that the property and effects of the firms of “ Bowers, Tallmadge & Company,” and of “R. L. Howell & Company,” were sold and transferred to the defendant, by a written transfer, dated February 11, 1852, (marked Exhibit D.,) for the price of $23,000.
This paper D., is, in terms, an absolute and unconditional sale to the defendant, of this property at that price.
The Referee, against the objection and exception of the defendant, allowed the plaintiff to give parol evidence to prove, that exhibit D., “was executed and taken upon the verbal trusts and conditions, that the defendant should take the assets therein mentioned, and continue the transportation business during the season of 1852, and at the close of the year, dispose of the assets, and collect such debts .as might be collectible, and the profits of the business of the year 1852, (if any,) and distribute the avails equitably among the creditors of Bowers, Tallmadge & Company, and R. L. Howell & Company, subject to the expenses of such sale, collection and year’s business.”
He also found, that the Suffolk County Mills was a creditor of Bowers, Tallmadge & Company, that such creditor’s claim was settled, by Bowers giving his two notes for $275 each, “in discharge and release of his liability thereon,” and that he paid such notes at maturity, out of his own funds, and before the commencement of this suit “.assigned to the plaintiff his demand against defendant for the amount so paid on said notes,” and that defendant realized sufficient funds from said assets and profits, after deducting expenses, to have paid all the debts of Bowers, Tallmadge & Company, and R. L. Howell & Company; and on these facts, he held as conclusions of law:
1. “ That the plaintiff is subrogated to all the rights of his assign- or in the claim, for the recovery of which this action is brought.
2. “ That he is entitled to recover from defendant, the amount which said Bowers paid upon said two notes, and the interest thereon, to wit, the sum of $703. Ty¥.”
There are several peculiarities in the rulings in this case, in support of which no authority is cited; and it does not occur to me that any can be.
*297 The Referee allowed the plaintiff to prove verbally that the actual contract of February 11, 1852, was in every respect, different from what the parties by the writing signed by them declared it to be. A formal, clear written contract is permitted to be contradicted by parol, and the parol contract found to have been made, is enforced according to the Referee’s views of the equitable rights of the parties, under such verbal contract.
This kind of proceeding is allowed, at the suit of a person who alleges that his assignor gave certain notes at defendant’s request, and on his promise to pay them.
Had the suit been brought by a judgment and execution creditor of the assigning firms, charging a fraudulent transfer, in order to reach the property and the profits made from its use; he would have been permitted to show if he could, that the transfer was made with a fraudulent intent, and if he established that, he might reach the property and any profits realized from it.
But no fraud is alleged in the complaint, and this suit is not brought by a creditor of the assigning firm, nor by an assignee of any such creditor.
As the case stands, even on the facts as found, Bowers, “ in release and discharge of his liability” to the Suffolk County Mills, as a member of the firm of Bowers, Tallmadge & Company,” voluntarily paid §550. The Suffolk County Mills did not assign to him any claim or demand, which, as such creditors, they had against the defendant or the property in his hands.
Conceding it to be true that the defendant took the property named in Exhibit D., upon such trusts as the Referee has found, and that the defendant realized enough from the assigned property to pay all the creditors in full, the several creditors could not each maintain an action at law against the defendant to recover the amount due from the assigning firms. (Dias v. Brunell's Executor, 24 Wend., 9.)
The plaintiff, in his complaint, has alleged facts which, if proved, would, according to Dias v. Brunell, (supra,) and Weston v. Barker, (12 John., 276,) entitle him to recover. The only relief prayed is a “judgment against the said defendant for the sum of $578.87, with interest thereon from the 17th of February, 1855, besides the costs of this action.” To that relief the plain *298 tiff was entitled on the facts stated in his complaint. The complaint could not be demurred to.
But omitting the averments, that the two notes were made at defendant’s special instance and request, and on his promise to pay them, the complaint would have been demurrible. The only remedy, if the plaintiff has any rights, would have been a suit in equity for an accounting as Trustee, and a distribution of the assets among the creditors entitled to them. To such a suit, all the creditors would be necessary parties.
So that we have this result. A suit is instituted which, on the facts alleged, was well brought. But enough facts were not proved to maintain it, and the Referee has given a judgment in such an action on a finding of facts, which, had they been stated as he has found them, in a complaint at the suit of this plaintiff alone, in which the defendant was the only party, would have failed to make a complaint which could have been upheld on a demurrer to it. (Dias v. Brunell, supra.)
And he has reached this result by admitting parol proof of the defendant’s contract, in contradiction and utter disregard of the written contract itself.
The evidence on which he has found that the defendant took a transfer of the property on the verbal trusts and conditions stated, consists of loose declarations and certain acts of the defendant, not necessarily inconsistent with the written contract. The Referee has so found, mainly on the testimony of the plaintiff’s assignor. He has so found in opposition to the written contract, (Exhibit D.,) and to the intent of the defendant as thereby manifested, and as manifested by the fact that the defendant, on the same 11th of February, 1852, sold and assigned to George W. Rogers, of Buffalo, an equal undivided half of all this property, upon an agreement between the two to transact business as carriers with such property during the year 1852, at their equal profit and loss.
His finding is opposed to the fact, that Bowers, (the plaintiff’s assignor,) on the 20th of March, 1852, made a written agreement, by which Bowers was to render such services as was reasonable and equitable under the circumstances, “ in conducting the year’s business and settling the affairs of their late firms,” and by which the defendant agrees to pay to Bowers “ ten sixty-ninths of all *299 the profits that I (the defendant) realize from the purchase, year’s business and sale of the assets of Bowers, Tallmadge & Co.”
Hence, if it be true, that the defendant received a transfer of the property upon the verbal trusts and conditions found by the Referee, then it is also true that on the day of the transfer to him he sold absolutely an undivided half of all of it, and contracted that such purchaser should have half of the profits, (if any,) that might be made from such purchase, and the year’s business; and on the 20th of March following contracted to pay to Bowers, for certain stipulated services, of all the profits which the defendant should individually realize.
The finding is clearly contrary to the evidence, treating Exhibit D. merely as evidence of the contract, and not as the contract itself not open to be contracted or varied by parol, except upon proper allegations of fraud or mistake, at the suit of persons entitled to relief on one or the other of those grounds.
I think the decisions of the Referee are clearly erroneous; and that the judgment should be reversed, and a new trial granted, with costs to abide the event.
Ordered accordingly.