## 62    CASES IN THE SUPREME COURT

UTICA.
August, 1829.

Rice
v.
Mather.

---

### Rice vs. Mather, survivor, &c.

*Where A. and B. exchange notes for the purpose of raising money, and A. obtains the note of B. to be discounted at a premium exceeding the lawful rate of interest, such transaction is not usurious, and cannot be set up in bar of a recovery in an action by the purchaser of the note against B. the maker.*

This was an action of assumpsit, tried at the Albany circuit, in August, 1828, before the Hon. James Emott, one of the circuit judges.

The plaintiff sued as the first endorsee of a promissory note made by the defendants, Elias Mather and Finlay McNaughton, to Jasper L. Keeler and James G. Mather, under the partnership name of "Keeler and Mather," for the sum of $948,50, dated 3d October, 1825, payable 90 days after date, and endorsed by the payees on the day of its date. The defendant pleaded the general issue.

The defence set up was usury. James G. Mather, one of the endorsers, testified that on the morning of the 3d October, 1825, Keeler and Mather and Elias Mather and Company made an exchange of notes, each of the firms giving the other a note of $948,50, (the note declared on being the note received of Mather and Company.) Money, he said, was at that time very scarce in Albany. Neither note was to be returned, but both were to be paid. Having thus obtained the defendants' note, he called on the plaintiff and enquired if he had any money to let, to lend or to spare ; to which the plaintiff answered " he did not know, but guessed he had." In less than an hour afterwards, he called on the plaintiff with the note in question, endorsed by Keeler and

Mather, and observed to the plaintiff that "he thought that was a good piece of paper." The plaintiff said he thought so too ; took it and made a calculation of interest, and then said, "I suppose you know my terms." The witness answered that he did not. The plaintiff stated it was double interest or double bank discount, and at the same time said that he could lend the money to a person, who was then a bank director, on the same terms. The witness said he would take the money, and looking at the calculation, found that the sum of $30,82 was discounted. He received the balance. Keeler and Mather failed before the note became due, and the defendant Mather has stopped payment.

The plaintiff proved that Keeler and Mather, and another firm with which they were connected, viz. "Keeler and Rogers," made assignments of their property, on the 22d and 29th October, 1825, for the benefit of certain creditors ; that in a class of creditors provided for by those assignments, the defendants are included ; and that from the monies collected, and which would probably be collected, those creditors would receive from five to six-sixteenths of their debts. The note of Mather and Keeler is now held by the defendants. A verdict was taken for the plaintiff, subject to the opinion of this court.

*S. A. Foot*, for plaintiff. The note being an available security in the hands of Keeler and Mather, the subsequent transfer was no more than a sale of the note, and although sold at a discount of twelve per cent. the transaction is not usurious. There is no express authority as to the effect of an exchange of notes ; but a mutual promise is a good consideration for a contract. The failure of one party to perform his contract does not discharge the other. The note received by the defendants is available to the amount of 45 per cent. The notes, in an action between the original parties, might probably be set off against each other ; but the failure of one is no discharge of the other. The decision of this court in 15 Johns. R. 44, is considered as conclusive upon the question, that if a note is once available to the holder, a subsequent transfer of it, upon terms hard and oppressive, will not render it usurious.

*J. T. B. Van Vechten,* for defendant. In *Floyer* v. *Edwards,* (Cowp. 112,) Lord Mansfield admitted evidence to shew that in the transaction in that case, there was no intention to cover a loan of money. He, however, observed, that the view of the parties must be ascertained, to satisfy the court that there is a loan and borrowing; that the substance was to borrow on the one part and to lend on the other ; and were the real truth is a loan money, the wit of a man cannot find a shift to take it out of the statute. This exposition of the statute is cited with approbation in *Dunham* v. *Dey,* (13 Johns. R. 44.) Apply the rule thus laid down to the circumstances of this case, and the note in question must be declared usurious. It was made for the purpose of borrowing money The object of Mather was to borrow ; of Rice to lend ; and in the language of Lord Mansfield, in real truth, it was a loan of money.

The note was made for the purpose of raising money on it. When it became payable, had it not been discounted, the payees could not have sustained an action on it against the maker ; and being discounted at a higher premium than the legal rate of interest, the transaction is usurious and the note void. (17 Johns. R. 176.)

*Foot,* in reply. The maker of the note cannot object usury between the payee and the endorsee. Conceding the notes were made for the purpose of raising money, after the exchange, they were the absolute property of the holders. Neither note was to be returned ; both were to be paid. On the trial of the cause, the defendant held the note of Keeler and Mather, which was then good, to a certain amount ; and to that amount, a defence could not have been made, even in a suit by the original payees.

*By the Court,* SAVAGE, Ch. J. The only question is whether this was a usurious transaction. According to the uniform decisions of this court, it clearly was not. The note was given for a valuable consideration ; it was an available instrument in the hands of the original payees ; there was no usury in its original concoction, and therefore a purchase of it, or a discounting of it, at a sum less than the face, does

not taint the note itself with usury. Usury to invalidate the note, must exist between the original parties to it; but when as between maker and payee, the maker has received value for the note he gives, it is of no consequence to him what price the holder gave for it. He had value himself, and therefore must pay it. When a note is made, not upon valuable consideration, but for the purpose of having it discounted at a rate exceeding lawful interest, then the usury entering into its concoction, it is void. So, had it been agreed in this case, after James G. Mather called on the plaintiff and ascertained his terms that such a note as the one in question should be produced for the purpose of being so discounted, and the defendant had lent his name to accommodate James G. Mather or Keeler and Mather, there can be no doubt that the note would have been usurious and void. This distinction runs through all the cases. *Dunham* v. *Dey*, (13 Johns. R. 40,) was a case where a number of notes were given upon a previous usurious contract; there the notes were held void. *Munn* v. *Commission Co.* (15 Johns. R. 44,) was a case of a different description; the bill in the hands of the payee was an available instrument, and had he retained it till due, he might have maintained a suit upon it; it was sold to the plaintiff for near $150 less than its face, though it had but sixty days to run, yet that was held to be a purchase of the bill, not a loan to the acceptor. In that case Mr. Justice Spencer said, " The principal is too well settled to be questioned, that a bill free from usury in its concoction, may be sold at a discount, by allowing the purchaser to pay less for it than it would amount to at the legal rate of interest for the time the bill has to run." I know of no case containing a contrary doctrine; and this seems to me entirely decisive of this case. The plaintiff is entitled to judgment.