WOOSTER & FRAME, survivors of Leggett, *vs.* JENKINS and others.

Where cross-notes of equal amount are made and exchanged by the makers, each party is to pay the note made by himself, and there is no implied contract by the payee to indemnify the maker.

Accordingly, where one of the parties to such an exchange negotiated the note which he received, and at maturity paid and took it up, and also made payments on the note made by himself, and sued the other party to the exchange *for the money thus paid on his own note*, HELD that he could not recover.

MOTION by the plaintiffs to set aside a report of referees in favor of the defendants. The declaration was assumpsit upon the money counts, and the plaintiffs by their bill of particulars claimed to recover several sums of money, amounting in all to $2724,40, which, as they alleged, they had paid on their own notes lent to the defendants. The case made by the evidence was, that in the spring of 1837 the plaintiffs and defendants exchanged notes, each firm making two notes payable to the order of the other, one note for the sum of $1784,40, dated November 25, 1836, and payable in six months; and the other note for the sum of $2235,15, dated April 13, 1837, and payable ninety days after date. Each firm immediately negotiated the two notes it had received from the other. The defendants then failed; and when their notes came to maturity in May and July, 1837, they were taken up by the plaintiffs as endorsers. The two notes made by the plaintiffs were lent by the defendants to Thomas W. Jenkins; and by him negotiated to the Union Bank, N. Y. When those notes became due, Thomas W. Jenkins made an arrangement with the Union Bank for their renewal from time to time, on his making payments of from ten to twenty per cent. at a time, as he should find it convenient. The notes were accordingly renewed, and Jenkins made payments from time to time, until the payments amounted in the aggregate to $2724,40. Jenkins testified that he received the money to make these payments from the plaintiffs; and the claim on the part of the plaintiffs was, that the payments were made by them through the agency of Jenkins: and it was this sum of money, paid on their

own notes, which the plaintiffs sought to recover in this action. Evidence was given upon which the referees found, as a matter of fact, that this money was lent by the plaintiffs to Jenkins, and not to the defendants. The referees also held, that the original notes being exchange notes, each party was bound to pay and take up their own notes : that no cause of action could accrue to the plaintiffs for money paid on their own notes: that their action should have been on the notes of the defendants. On these and other grounds the referees reported in favor of the defendants ; which report the plaintiffs now move to set aside.

*J. W. Gerard,* for the plaintiffs.

*M. S. Bidwell,* for the defendants.

*By the Court,* BRONSON, Ch. J.   If the referees were right in finding that the money which the plaintiffs seek to recover was lent by them to Thomas W. Jenkins, it follows that the plaintiffs have paid no money on their notes, and the whole groundwork of the action fails.   I am not prepared to say that the report is so clearly against the weight of evidence upon that point that we should be warranted in setting it aside.   But if we assume that the referees were wrong on this question of fact, they were clearly right on the question of law.   If the plaintiffs paid the money in question through Jenkins, they did not pay it to the use of the defendants, but in discharge of their own obligation. The original transaction was an exchange of notes, the undertaking of each party being the consideration for the undertaking of the other.   This was a sufficient consideration ; and the notes of each party had their inception as valid securities the moment the exchange was made.   Each firm was bound to pay its own notes ; and the plaintiffs cannot recover against the defendants for having discharged their own undertaking.   A contract to indemnify is not implied, where there is an express engagement of another kind ; and here each party is under an express engagement to the other.   If the plaintiffs had loaned their notes to the defendants, a promise of indemnity might have been implied ; and money paid by the plaintiffs in taking up the notes

would have been paid to the use of the defendants. But each firm made its notes for value received in other notes. It was the same thing, in legal effect, as though the value had been received in goods or money. The securities on both sides were valid. the moment they were exchanged. The plaintiffs had a clear right of action when they took up the notes of the defendants at maturity; and their remedy now should have been upon those notes. (*Rice* v. *Mather*, 3 *Wend.* 62; *Cameron* v. *Chappell*, 24 *id.* 94; *Rolfe* v. *Caslon*, 2 *H. Black.* 570; *Buckler* v. *Buttivant*, 3 *East*, 72; 1 *Camp.* 179, *note; Hornblower* v. *Proud*, 2 *B. & Ald.* 327; *Cowley* v. *Dunlop*, 7 *T. R.* 565; *per Lawrence, J.; Spencer* v. *Parry*, 3 *Ad. & El.* 331.) (*a*) This is not a mere question of variance. The statute of limitations had run upon the notes of the defendants before the suit was commenced. The plaintiffs, by confining their claim to the money paid on their own notes, which had been paid within six years, precluded the defendants from setting up the statute.

It is urged that as between the original parties, cross notes or acceptances should be regarded as accommodation, in contradistinction to business securities. But the rule is settled the other way. Each party may prove the debt against the other under a commission of bankruptcy. And although one party sells the note or bill at a greater discount than seven per centum; the purchaser will acquire a good title. It is true that so long as the securities are in the hands of the original parties, they will balance each other. But it will be by way of set-off; and not on the ground that they are invalid.

If a party lend his note or acceptance, and take a counter security of the same kind, by way of indemnity merely, the lent note or bill will not have inception as a valid security until it passes into the hands of a bona fide holder. But I do not consider this a transaction of that kind. Neither firm took the notes of the other by way of indemnity merely. But the notes on both sides were made to be negotiated and used as valid securities.

Motion denied.

(*a*) See also *Dowe* v. *Shutt*, (2 *Denio*, 621.)