By the Co'ttbt.
Slosson, J.
The court instructed the jury that giving one note in exchange for another gives consideration,, and that there was nothing in the evidence to vary the legal effect of the rule in the present case.
In other words the court withdrew from the consideration of the jury, the question of “ whether the notes were, in fact, exchange notes ?” There was but one witness, (Woodruff,) and the only part of his testimony, which could raise a question of doubt, was that in which he stated that he was to protect the first note.
The first note was discounted by the plaintiff, at a rate exceeding seven per cent. This was not disputed.
We think the Judge was right in withdrawing the case from the jury.
The evidence of Woodruff was explicit, that he gave his own note in exchange for the first note, and that it was made negotiable by being made payable to the defendant’s order.
There is nothing to show that the defendant was placed under restriction as to its use.
Had he negotiated it to a third party, there could have been no defence to it, for the. defendant’s own note in Woodruff’s hands, was a good consideration for it.
True, Woodruff promised to protect the defendant’s note, but this he would have done, had he paid his own note in the hands of the defendant, or of an assignee of it. The promise to protect, was but a promise to indemnify, which he was legally bound to do without a promise, if the transaction was for his accommodation, But’this imposed no restraint upon the negotiability of his note in defendant’s hands, and though in fact, the defendant did not negotiate Woodruff’s note, but retained it and returned it to him on receiving his own note (the first one) back again, this is no evidence that he might not have done so.
It is not credible that Woodruff’s note was considered or re *361 ceived as a mere memorandum note, as is contended. If the abject had been a receipt merely, for the defendant’s note, by Woodruff, the latter would- have either given a receipt in terms, or a note to defendant, without words of negotiability. Can there be a doubt that if Woodruff, (supposing there had been no renewal,) had not taken up defendant’s first note, the defendant might have sued him upon his note; or, that the defendant might have provided himself with funds, for the purpose of taking up his own note, by procuring a discount of Woodruff’s note; or, that he might have so provided himself in anticipation, and without waiting for Woodruff to fail in his promise to protect his (defendant’s) note ? Had he done so, it would' have, in effect, accomplished the very thing which Woodruff promised, to wit, to protect defendant’s note, and without any detriment to Wood-ruff.
I cannot see in what light the two notes can be regarded, other than that of available exchange notes in each others’ hands; and though the transaction was not for the defendant’s accommodation, mutually with that of Woodruff, that would not affect the character of the paper which he received, as the consideration for his own.
If this view be correct, then there was nothing to go to the jury, and the defence of usury is not admissible. (Rice v. Mather, 3 Wend. 62; Dowe v. Schutt, 2 Denio, 621; Mum v. Cumipin Co., 15 J. R. 44.)
The offer to prove that the plaintiff had received securities, which he agreed to hold as collateral, in case the first note was not paid, was properly overruled — since, if true, it would not have affected his right to sue upon the note.
Judgment affirmed, with coste.