By the Court. Bosworth, J.
The view taken of the plaintiff’s rights and position, by his counsel, we understand to be, in brief, this:—
If the note made by Coburn had continued in Willett’s hands until the defendant Gridley was appointed receiver, and had, on that day, been delivered to Gridley, as such receiver, Gridley could not have maintained an action upon it, because the consideration of it had wholly failed, by reason of the insolvency of Willett, and his consequent inability and failure to pay the note which he gave in exchange to Coburn. That the note would have been valueless and invalid in the hands of such receiver.
That at the time Willett assigned to the receiver, the legal and equitable rights of Willett, in relation to Josephine Baker, and to the mortgage, and to the mortgaged premises, and to Coburn’s note, were: 1st. That Josephine Baker, or the mortgaged premises, should pay the mortgage, in exoneration of himself and the note, and, 2d. That thereupon Coburn’s note should be returned to him.
That Coburn having been compelled to pay the note, because it had been hypothecated to Dunham, and the debt which it was made to pay being one which the mortgaged premises or Josephine Baker should pay, and for the payment of which Willett was a mere surety as between himself and Josephine Baker, the plaintiff was, in effect, a surety for Willett, and should be subrogated to his rights.
In Dowe v. Schutt (2 Denio, 623) the court held, that when two persons exchange notes, each taking the note of the other, of the same date and amount, and each payable at the same time, each *538 note is the proper debt of the maker thereof, and each holder is a purchaser for value. As the note taken by either is a debt due to the holder, and is his property, he may sell it on such terms and at such price as he pleases. Although discounted on usurious terms, that cannot affect its validity as respects the maker. That in such cases the relation of principal and surety does not exist, and that a promise of either maker to indemnify the other cannot be implied. The cases uniformly hold and fully sustain these propositions. (Rice v. Mather, 3 Wend. 62; Cameron v. Chappell, et al., 24 Wend. 94; Chitty on Bills, 84-85.)
In Wooster v. Jenkins (3 Denio, 187) the question was fully considered, and the court held, that after such an exchange of notes the rights of each holder were the same as if he had taken the note held by him for money paid or goods sold. That each party was bound to pay his own note, and that no contract of either to indemnify the other could be implied. That the remedy of each was on the note he had taken, and neither could recover against the other, in an action for money paid to the use of the party making the note which had been paid.
The settled doctrine would seem to be, that any indorsee of such a note, before its maturity, has the same rights against the maker of it as if each note had its origin in a distinct and independent transaction, and the consideration of it was property sold and delivered to the maker.
These views, if sound, dispose of the whole case. The note, if it had been held by Willett, and if it had passed into the hands of Gridley, as receiver, on the 14th of February, 1854, would have been valid and available in his hands, and collectible for the benefit of the particular creditors of Willett, at whose suit Gridley was appointed receiver.
Under such circumstances, if any one has a right, in consequence of the payment of this note to Dunham, to resort to the mortgaged premises to obtain payment of the amount of this note, it is Gridley, the receiver, and he would hold whatever he might collect for the judgment creditors of Willett, at whose suit the receiver was appointed. (Nantucket Pacific Bank v. Stebbins, ante, 341.) .
Although Willett had failed, even if no receiver had been appointed, and Willett had then held the note made by Coburn, the *539 latter could not have instituted an equitable action, on the 14th of February, 1854, to compel the set off of one note against the other, because neither note was then due. (Keep v. Lord, 2 Duer, 78; Bradley v. Angel, 3 Com. 475.)
We think the present action cannot be maintained on the facts found. The complaint was properly dismissed, and the judgment must be affirmed, with costs.