THE PRESIDENT &c. OF THE TROY CITY BANK *vs.* McSPE-
DON & BAKER.

Where a note was executed, with five others, under a written contract by which
the payees agreed to give the makers $400 weekly in the bills of a specified
bank, in payment of the notes, the makers to take up the notes as they ma-
tured; and the payees subsequently made one payment of $400, to the mak-
ers, under the contract, and then transferred the notes to the plaintiffs, as
collateral security for a previous indebtedness; *Held* that the note in ques-
tion was, in the hands of the payees, not accommodation but business paper,
made for a consideration; and that such payees might dispose of the note,
for any consideration, or use it for any purpose, they pleased; and that
they having transferred the same to the plaintiffs to secure a previous in-
debtedness, the latter could recover the amount from the makers.

APPEAL from a judgment entered at a special term, after
a trial at the circuit, before a justice of this court with-
out a jury. The action was upon a promissory note made by
the defendants on the 18th·of June, 1857, for $1870, paya-
ble in four months, to the order of M. L. Samuel & Co., and
indorsed by the latter. The plaintiffs claimed to be the law-
ful owners and holders of the note. The defendants alleged
that the note was an accommodation note, made and deliv-
ered without any consideration; and that prior to and at
the time of the transfer and delivery of said note by the pay-
ees thereof to the plaintiffs, the said payees were indebted to
the plaintiffs; and that said note was transferred to the plain-
tiffs as collateral security for the payment of said antecedent
indebtedness, and as such collateral security only; and that
no money or value was given or parted with by said plaintiffs
for or on account of said note. And the defendants denied
that the plaintiffs were at the time of the commencement of'
this action, the lawful owners and holders of said note. On
the trial the plaintiffs, to maintain the issue on their part,
read and put in evidence the note in the complaint described.
The counsel for the plaintiffs and defendants having agreed
upon the following facts, the same were put in evidence, to
wit: That the defendants, McSpedon & Baker, and M. L.
Samuel & Co., are, respectively, firms in the city of New

York; that on the 18th day of June, 1857, the defendants executed six notes to the order of said M. L. Samuel & Co., under the following contract :

### " CONFIDENTIAL CONTRACT.

We agree to give Messrs. McSpedon & Baker $400 weekly, in Troy City Bank bills, in payment of their notes, they (McSpedon & Baker,) to take up the notes as they mature, viz :

| | | | | |
|---|---|---|---|---|
| June 18, 1857, at 2 months, | | | | $1840 00 |
| " | " | 3 | " | 1850 00 |
| " | " | 4 | " | 1860 00 |
| " | " | 5 | " | 1870 00 |
| " | " | 6 | " | 1880 00 |
| " | " | 7 | " | 1890 00 |

New York, June 18, '57.

M. L. SAMUEL & Co."

The note embraced in this action is the fourth note mentioned in said agreement. The said notes were all executed by the defendants, and delivered to M. L. Samuel & Co., under this agreement. M. L. Samuel & Co. offered the note in suit to the plaintiffs for discount. The plaintiffs did not discount it. At the time said note was offered, M. L. Samuel & Co. were indebted to the plaintiffs in a sum greater than the amount of the note in suit. The plaintiffs, with the consent, and by the direction of M. L. Samuel & Co., retained the note as collateral security for that indebtedness, which indebtedness is still due and unpaid. That is all the claim the plaintiffs have upon the note.

The judge, in addition to the above facts, found the following, viz : That M. L. Samuel & Co. made but one payment under said agreement, and failed in business within a month after the date of said agreement, and are now insolvent. That the plaintiffs made no advance of any kind on the note in suit. That the plaintiffs received said note June 22, 1857, inclosed in a letter from M. L. Samuel & Co. to them, in-

closing also other notes; the said letter requesting the plaintiffs to place the inclosed notes to the credit of M. L. Samuel & Co. The judge also found the following, as conclusions of law: That the transaction between M. L. Samuel & Co. and the defendants, was, in substance, an exchange of the notes for the agreement, each being the consideration for the other. That the notes were business paper—in legal effect. That the plaintiffs were *bona fide* holders, for sufficient legal consideration, of the note in suit, although they received the note as collateral security for a pre-existing debt. That the plaintiffs were entitled to judgment against the defendants for the amount claimed in the complaint, with their costs. The counsel for the defendants excepted to each and every of the conclusions of law.

The following opinion was delivered by the judge, at the special term.

T. R. STRONG, J. " The note in question was executed with five others under a written contract, whereby the payees agreed to give the makers $400 weekly in Troy City Bank bills, in payment of the notes, and the makers to take up the notes as they matured. The notes were for the amounts and payable as follows : One for $1840, payable in two months; one for $1850, payable in three months ; one for $1860, payable in four months; one for $1870, payable in five months; one for $1880, payable in six months; and the other for $1890, payable in seven months.

After much consideration, I am satisfied that the transaction was, in substance, an exchange of the notes for the agreement, each being the consideration of the other. The language of the agreement is, that the bank bills were to be received in payment of the notes : but the fair meaning obviously is, that the bills were to be in payment *for* the notes. It was contemplated that the notes were to be used by the payees, and it was provided that the notes were to be taken up at maturity by the makers. It is quite clear, I think,

that the makers might have enforced the agreement of the payees, to give the bills according to its terms, treating the notes as the consideration of the agreement; and I think the case is the same in principle as if, instead of the writing executed by the payees of the note, the payees had at the time given their notes to the makers, in accordance with the provision for the weekly payments. In this view of the case the notes were business paper, (2 *Denio,* 621; 3 *id.* 187; 24 *Wend.* 94; 6 *Duer,* 538,) and the plaintiffs, under the evidence, are *bona fide* holders for a sufficient legal consideration of the note in suit, although they received the note as collateral security for a pre-existing debt. (1 *Sand. S. C. R.* 53; 5 *id.* 7.)"

Judgment was accordingly entered in favor of the plaintiffs, against the defendants, for $2184.11, damages and costs; and the defendants appealed.

*J. W. Edmonds,* for the appellants.

*E. L. Fancher,* for the respondents.

*By the Court,* BONNEY, J. The plaintiffs claim to recover the amount of a promissory note made by the defendants, payable to the order of M. L. Samuel & Co. and by them indorsed. The alleged defense is that the note was made by the defendants without consideration, and for the accommodation of Samuel & Co. who indorsed and delivered it to the plaintiffs as collateral security for an antecedent indebtedness. That the plaintiff paid no consideration or value therefor, and consequently cannot compel payment thereof.

It was proved at the trial, that on the 18th June, 1857, the defendants made their six notes, of that date, (of which the note in suit is one,) payable respectively at from two to seven months, to the order of Samuel & Co. for different sums, amounting in the aggregate to $11,190, and delivered the same to Samuel & Co. who at the same time agreed, by con-

Troy City Bank *v.* McSpedon.

tract in writing, to give the defendants, in payment for such notes, $400 weekly in Troy City Bank bills; that Samuel & Co. made one payment of $400 to the defendants under that contract; that on 22d June, 1857, the plaintiff received this note, with others, from Samuel & Co. with a request to place them to their credit; that Samuel & Co. then owed the plaintiff more than the amount of the notes so received, which indebtedness is not yet paid : that the plaintiff did not discount such notes but held them, with the assent of Samuel & Co., as security for their said indebtedness : that Samuel & Co. failed about a month after the making of said notes : that the defendants recovered judgment against them for $3000 and upwards, for other indebtednesses not including this note, and in supplemental proceedings procured the appointment of a receiver and payment of that judgment; and, in their claims presented to said receiver, the defendants included the amount of this and other notes made under the said contract, and also credited four hundred dollars paid by Samuel & Co. under the same contract.

Upon this proof I cannot doubt that the note now in question was, in the hands of Samuel & Co., business paper made for consideration, and such as would be valid and collectable by any person who received the same from them for a valuable consideration, although such consideration were less than the amount of the note or were a past consideration; and no question of usury could arise upon a sale of the note by Samuel & Co. at any price. (*Davis* v. *McCready,* 17 *N. Y. Rep.* 230. *Dowe* v. *Schutt,* 2 *Den.* 621. *Cameron* v. *Chappell,* 24 *Wend.* 94.)

If, then, the note in question was, as I suppose, not accommodation but business paper made for good consideration, in the hands of Samuel & Co., the defense stated in the answer, in my opinion, wholly fails. Samuel & Co. might dispose of the note for any consideration, or use it for any purpose, they pleased, and any lawful holder for value deriving title from them, could collect it. They did transfer the

note, before maturity, to the plaintiff, as collateral security for an antecedent indebtedness which is still unpaid, and exceeds the amount of the note; and I think the plaintiffs are entitled to recover such amount from the defendants.

The supposed defense rests entirely on the allegation that the note was accommodation paper, made without consideration; and this allegation being disproved, the defense fails.

If Samuel & Co. had retained the note and brought an action for its collection, the makers might perhaps have defended, not on the ground of original want of consideration, but because the consideration for which the note was made had failed; or they might have pleaded a counter-claim, arising out of the same contract or transaction under or in connection with which the note was given. But no such defense has been set up in this action, nor if stated in the answer, could it, in my opinion, have been maintained against these plaintiffs.

The judgment appealed from should be affirmed with costs.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Bonney* and *Hogeboom,* Justices.]