MARGARET P. BUNN, EXECUTRIX, &c., OF OAKLEY BUNN, DECEASED, RESPONDENT, *v.* WILLIAM VAUGHAN, APPELLANT.

*Statute of Uses and Trusts—Personal Property.*

The statute of uses and trusts respecting lands, does not apply to trusts created in respect to personal property.

SCRUGHAM, J.—No discretionary power was conferred upon the Plaintiff's intestate by the tripartite agreement or the mortgage executed to him therewith.

The amount which he was authorized to apply to the support and maintenance of the *cestui que trust* was not left to his discretion, but was such only as should be actually necessary for that purpose.

The power was thus perfectly defined, and could be duly executed, as well by another as by the trustee named in the instrument. The trust was in personal property, and, on the death of the trustee, devolved, with the property, upon his representative.

While it is conceded that this is the rule at common law, it is claimed that it is abrogated by our Statute of Uses and Trusts, and that the trust, upon the death of the trustee, vests in the Supreme Court, and is to be executed under its direction, by some person appointed for that purpose. This would be so if the trust were in real estate; but it is not, and the section of the Statute of Uses and Trusts which vests the trust in the Supreme Court upon the death of the trustee, does not apply to trusts in personal property. This is clearly shown in the opinion of Mr. Justice Cowen, in Kane *v.* Gott (24 Wendell, 641), by an examination of the Statute so thorough, and arguments so convincing, as to preclude further profitable discussion of the subject; and the point in this case may properly be answered in the very words of Judge Comstock in delivering the opinion of this Court in Savage *v.* Burnham (17 N. Y. R. 561). "This is a trust in personal property with which the Statute of 'Uses and Trusts' in lands has nothing to do."

Opinion by SCRUGHAM, J.

At the trial several exceptions were taken to the rulings of the referee as to the admissibility of evidence; but the only one referred to by the Appellant, in the points submitted on this appeal, is to the admission of a written memorandum or account kept by the trustee, showing payments made to him by the Defendant. The Defendant had subpœnaed the Plaintiff to produce this, and before its production had given parol evidence of its contents. It contained no charge against the Defendant, but was an admission of payments made by him.

Under these circumstances it was properly admissible in evidence, and, if its admission by the referee had been error, the Defendant could not have been prejudiced by it, as the evidence was in his favor, and did not prevent his proving payments larger than, or additional to, those mentioned in the memorandum.

The judgment should be affirmed.

All the judges concurring except BOCKES, J., who expressed no opinion.

Judgment affirmed.