# Law and Equity

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

———— • • • ————

JOSEPH CURTIS, Trustee &c., *vs.* LUCRETIA SMITH and ED-
WARD COLLINS, impleaded with Haskell G. Smith.

Where a *cestui que trust* resided in this State, and the original trustee, although
he died in Connecticut, resided in this State when he was appointed, had the
trust fund here, at the time, and partly executed the trust here; and the
*cestui que trust* was an infant and needed the fund for his support; it was
*held* that, under these circumstances, the power of the court to appoint a
new trustee within its own territorial jurisdiction could not be doubted.

*Held, also,* that the Supreme Court was not divested of jurisdiction by the
removal of the former trustee from the State, although he took the fund
with him; the *cestui que trust* continuing to reside here.

Although, under some circumstances, the removal of a trustee from the State
will authorize the court to displace him, and appoint a new trustee, and it
may be necessary for the new trustee to be re-appointed in the foreign State
and to become one there, to reach the fund; yet these considerations are
aside from the question of jurisdiction, and they cannot be urged by a party
having no interest in the fund.

The facts that a trustee was appointed on petition merely, and not by bill;
that the *cestui que trust* was not a party to the proceeding; and that other

persons, contingently interested in the trust fund were not made parties, are mere irregularities, at the most, and do not touch the validity of the appointment; and the objections cannot be set up by persons not appearing to have any interest in the trust fund, but only *claiming* an interest, the nature of which is not shown.

The statute devolving a trust upon the court, on the death of a surviving trustee, and authorizing the appointment of a new trustee, (1 *R. S.* 730, § 68,) applies to a trust of personal as well as real estate.

The cases of *Bunn* v. *Vaughan*, (3 *Keyes*, 345;) *Kane* v. *Gott*, (24 *Wend.* 641,) and *Savage* v. *Burnham*, (17 *N. Y.* 561,) commented on, and distinguished.

DEMURRER to complaint. The complaint sets forth the death, on 8th of June, 1860, of Alida M. Benson, probate of her will in Cook county, Illinois—her place of residence—August 7, 1860; its probate in Monroe county, December 4, 1869. That one Nelson Collins was appointed trustee for Homer Collins, an infant, and his son, as to certain personal property which came to his possession while a resident of this State; that he died in the West Indies, January 18, 1861, leaving no appointment as authorized under the will, affecting the trust property. That the infant, Homer Collins, has always resided in this State, and under the petition of Robert Braithwaite his general guardian, one Cicero Collins, April 23d, 1861, was appointed by this court trustee under said will. That such substituted trustee afterwards removed from this State, and died in Connecticut in 1866, having in his possession there the personal property held in trust; that on the 12th January, 1865, he stated upon the face of his books relating to the trust estate, $4745, as funds then in hand, belonging to the infant. That in February, 1868, the plaintiff was appointed a trustee by this court, on petition of the said general guardian, to execute the trusts, solely as to said infant's interest.

That the defendant Haskell G. Smith is the administrator in Connecticut of the deceased trustee, Cicero Collins, and claims to hold, as such, the trust fund.

That the defendants Lucretia Smith and Edward Collins

claim to have contingent remainders and interests in the trust fund. The plaintiff asks, as trustee for Homer Collins, to recover the fund, and for an enlargement of his powers as trustee, if necessary to affect any contingent interest which may be claimed.

The defendants Lucretia Smith and Edward Collins demurred upon these grounds : 1st. This court has no jurisdiction of the subject of the action. 2d. The plaintiff has not legal capacity to sue. 3d. The complaint does not state facts sufficient to constitute a cause of action.

The cause was tried upon this issue of law.

*Henry R. Selden*, for the defendants Smith and Collins.

*James C. Cochrane* and *De L. Crittenden*, for the plaintiff.

JAMES C. SMITH, J. It is insisted by counsel in support of the demurrer, that the court has not jurisdiction of the subject matter of the action. The claim is put upon the ground that the trust fund is in the State of Connecticut, all the defendants reside there, and on the death of the former trustee, in that State, the title to the trust fund which was then in his possession passed to his personal representatives, according to the rule of the common law, which it is to be presumed was then in force in that State, there being no averment to the contrary, in the complaint. Or, in other words, the property is now in the hands of a trustee in a foreign State, duly appointed by law, and this court has no authority to appoint another trustee, or to compel the present trustee to deliver up the fund. But the principal *cestui que trust* resides in this State ; the trustee who died in Connecticut, resided in this State when he was appointed ; he had the trust fund here, at the time, and he partly executed the trust here. The *cestui que trust* is an infant, and needs the fund for his support. Under these circumstances the power of this court to appoint a new trustee within its own territorial jurisdiction cannot

be doubted. This court was not divested of jurisdiction by the removal of the trustee from the State, although he took the fund with him, the *cestui que trust* continuing to reside here. Under some circumstances the removal of a trustee from the State will authorize the court to displace him, and appoint a new trustee. It may be necessary for the new trustee to be re-appointed, in the foreign State, and to become one there, to reach the fund; but those considerations are aside from the question of jurisdiction, and they cannot be urged by a party having no interest in the fund. In the present case, Haskell G. Smith, who is the administrator in Connecticut of Cicero Collins, the former trustee, does not demur. On the contrary, it is alleged in the complaint, that he is desirous of paying over the fund in his hands to the person properly authorized to receive it. It does not appear from the complaint, that the parties demurring have any real interest in the trust property. No relief is asked against them. They are made parties simply because they *claim* an interest. What is the nature of their claim, does not appear. If they have any substantial interest, they should set it up by answer, and then they may be in a position to urge, at the hearing, the considerations above suggested. At present, the only light in which they can be regarded is that of parties asserting a claim which has no foundation in fact or law, but the bare assertion of which renders it proper that the plaintiff should make them parties, for the purpose of silencing their claim.

It is also urged by the demurring parties, that the appointment of the plaintiff as trustee was void, for several reasons, among which are the following: That he was appointed on petition merely, and not by bill; that the *cestui que trust* was not a party to the proceeding; and that the other persons contingently interested in the fund were not made parties. It is a sufficient answer to these several points, to say that they are mere irregularities, at the most,

Curtis *v.* Smith.

and do not touch the validity of the appointment. Another answer is, that the demurring parties are not in a position to set them up, for the reasons already stated.

There are, however, two other points urged by the defendants' counsel, which go to the validity of the appointment, and which deserve a more particular consideration. The first is, that the statute devolving a trust upon the court, on the death of a surviving trustee, and authorizing the appointment of a new trustee, is not applicable to a trust of personal property only, which is the nature of the trust in the present case. (1 *R. S.* 730, § 68.) It is said the Court of Appeals has so decided, and the case of *Bunn* v. *Vaughan,* (3 *Keyes,* 345,) is cited. The report of that case is very meagre. No statement of facts is given, and there is no evidence that the point now under consideration was before the court. The only authorities cited by the member of the court who wrote the opinion, are *Kane* v. *Gott,* (24 *Wend.* 641,) and *Savage* v. *Burnham,* (17 *N. Y.* 561.) In the first of these cases, the question was whether certain trusts and limitations of personal property were valid, and it was held that the doctrine of trusts and limitations of real estate had nothing to do with it, further than the Revised Statutes may have expressly brought personal property to the same footing. The question whether section 68, above cited, applied to trusts of personal property did not arise, and was not considered. *Savage* v. *Burnham* reiterates the same general doctrine. Within the rule laid down by these cases, section 68, above, applies to trusts of personal estate, for they are included in its provisions, by proper construction, if not in express terms. The language is: " Upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his heirs, *nor pass to his personal representatives,*" &c.

These words are aptly used to embrace as well personal estates which pass to the executor or administrator, as real

estates which go to the heir; and unless such is their effect, the words italicized have no meaning.

The other ground on which it is insisted the appointment is void, is, that it only purports to clothe the trustee with part of the powers, and to charge him with part of the duties, which the due execution of the trust requires. The will creates a trust primarily in favor of Homer Collins, and contingently in favor of others. The appointment authorizes the trustee to execute the trusts, so far as they relate to the said Homer Collins. It is true, the trust cannot be divided. There cannot be at the same time two independent trustees, each equally entitled to the possession of the trust fund. But upon the facts stated in the complaint, the entire beneficial estate is now vested in Homer Collins. He is the sole *cestui que trust*, and the appointment in its present form covers the entire trust, and entitles the trustee to the whole fund. The trust is created by will, and consists of a bequest to Nelson Collins, the father of Homer, as trustee, first for the use and benefit of Homer, during his minority, and on his attaining the age of twenty-one years, to go to him absolutely; second, in case he shall die during minority, leaving a brother or sister, child of said Nelson, the residue to go to them; and third, in case he and such brother or sister shall die during minority, the residue to go to such persons as Nelson shall appoint by will, and in default of such appointment, to the heirs of Nelson Collins. Nelson died in 1861, intestate, without having made any appointment, as provided by the bequest. Homer is his only surviving child. Thus Homer is entitled not only to a present estate for his life, under the will, but also to the contingent remainder as the sole heir of Nelson Collins; and the two estates having been united in the same person, on the death of Nelson Collins, the latter estate was then extinguished. (*In the matter of Dekay,* 4 *Paige,* 403.)

Updyke *v.* Abel.

The demurrer is overruled, with leave to the defendants to answer in twenty days, on payment of costs of demurrer.

[Monroe Special Term, December 26, 1870. *James C. Smith*, Justice.]