THE MECHANICS' AND TRADERS' BANK *against* ELLIS N. CROW AND JOHN J. RICEMAN, IMPLEADED.

Plaintiff, a banking corporation, discounted for one of its depositors an accommodation note, of which he was the payee, and credited him with the proceeds, a part of which was at once applied to pay a note held by the plaintiff, on which he was liable, and which was at the same time delivered up to him: *Held,* that the plaintiff was a holder of the note for full value.

In such a case, the surrender of the original note and the extension of credit on the substituted security is a present valuable consideration.

An accommodation note delivered to the payee upon his agreement to give the maker a part of the proceeds of the discount thereof and another note as security, is not, by the failure of the payee to fulfill his agreement, rendered invalid in the hands of a holder for full value without notice and before maturity.

A person who, without consideration, indorses a note, in order to enable the payee to get it discounted, is not, as against one who subsequently discounts it without notice, for full value and before maturity, relieved from liability by the failure of the payee to appropriate the proceeds of the discount, as he represented he would.

A lamp-post box provided for the reception of letters by the United States Post Office Department, under the authority of the act of Congress (approved June 8th, 1872), is one of the immediate agencies of the post office for the reception of letters, and constitutes part thereof, and a deposit of a letter therein is a deposit " in the post office," within the meaning of L. 1833, c. 271, § 8, providing for serving notice of protest by mail.

APPEAL by defendants from a judgment of this court entered on the verdict of a jury.

The action was brought by the Mechanics' and Traders' National Bank of the City of New York, on a note for $2,500, made by the defendant Crow to Dusenbury & Nelson, and indorsed by the defendant Riceman before its discount by the plaintiff.

The facts on which the defendants Crow and Riceman claimed to escape liability, are stated in the opinion.

Plaintiff obtained a verdict for the full amount of the note and interest, and Crow and Riceman appealed.

*Raymond & Coursen*, for appellant Crow.

*S. B. Logan*, for appellant Riceman.

*Thomas Allison*, for respondent, on the point that the notice of protest had been duly mailed, argued that the lamp-post boxes being established by authority of act of Congress passed June 8th, 1872, and these boxes, and the mail matter deposited in them, being protected by all and the same provisions for their safety that are made for the protection of any other places established for the deposit of mail matter, should be considered as being included in the term "post office;" and cited *United States* v. *Marselis* (2 Blatchf. 108, 118); 1 Pars. on Bills and Notes, 481 ; 28 Vt. 316 ; 2 R. I. 407.

ROBINSON, J.—Defendants are sued as maker and indorser of a promissory note, dated New York, July 16, 1872, for $2,500, payable to the order of and indorsed by Dusenbury & Nelson. The testimony of the defendant Crow was, that this was an exchange note which he gave Dusenbury & Nelson, the payees, on their agreement to give him their note with the indorsement of A. D. Nelson, father of one of that firm, and on their promise to give him $1,800 out of it when discounted. He first testified they had given him the father's note, and then that they had not, and the jury, if the fact were material, had the right to find it upon his first statement.

The defendant Riceman simply states he was an accommodation indorser for Dusenbury & Nelson, and became such on their representation that they owed Crow, the maker, some $1,800, and wanted to pay him, and would have the note discounted at the bank. It was so discounted by plaintiff, August 10, 1872, without notice of any of the special circumstances, and the amount of the discount placed to the credit of the account of Dusenbury & Nelson, and subjected to their control, to be drawn out as they chose. It was so drawn out, $1,672 of it being applied to pay a note of theirs (or Nelson's), or of some third party indorsed by them (or Nelson), which was due, and which was delivered up.

The plaintiffs thus became the *bona fide* holders of the note for full value (*Brown* v. *Leavitt*, 31 N. Y. 114, and cases cited; *Weaver* v. *Barden*, 45 N. Y. 294; *Day* v. *Saunders*, 1 Abb. Ct. App. Dec. 495; s. c. 3 Keyes, 345), even if the defendants had any defense to the note for fraud upon the part of the payees in procuring it. The surrender of the original note, and the extension of credit on the substituted security, constituted them holders for a present valuable consideration (*Cary* v. *White*, 52 N. Y. 138). They, however, had no such defense. As to Crow, he gave the note, as he says, as an exchange on an executory promise that the payees would give in security another note, and from the discount of the one in suit would pay him $1,800. The non-compliance with such promise in no way impaired the rights of the plaintiff who discounted it without notice of any such promise, before it matured, and for its full value (*McSpedon* v. *Troy City Bank*, 33 Barb. 81; s. c. 3 Abb. Ct. App. Dec. 133).

As to Riceman, he was simply an accommodation indorser, without limitation as to the use of the note or interest in the proceeds when discounted, and he has no cause for complaint (*Purchase* v. *Mattison*, 2 Rob. 76, and cases cited).

The notice of demand and non-payment given Riceman through the mail by deposit in a United States lamp-post box, instead of the general post office, postage being prepaid, was a sufficient deposit in the post office. Such post office box was one of the immediate agencies of the post office of this city for the

reception of mailed matter, and constitutes a part thereof (*U. S.* v. *Marselis*, 2 Blatch. C. C. R. 108 ; 1 Pars. on Bills &c. 481)... The judgment should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.