BOARDMAN P. BACKUS *vs.* MARK H. SPAULDING & another, executors.

Hampshire.    Sept. 15, 1874. — Jan. 6, 1875.    WELLS & MORTON, JJ., absent.

Where A., in consideration of a sum of money lent to him by B., and of a note made to him by B. for the payment of an additional sum in four months, makes and delivers to B. a note for the amount of both sums, payable in six years, together with an assignment, as collateral security for the payment thereof, of a contract relating to certain real estate, the promise of A. to pay his note at maturity, and the delivery of the collateral security, constitute a sufficient consideration for the promise contained in B.'s note to pay the sum therein expressed at an earlier date.

CONTRACT brought for the benefit of William H. Stoddard and J. D. Kellogg, against the executors of Jonathan S. Baker, on a promissory note for $3180, made by Baker on March 1, 1871, and payable to the plaintiff within four months from date, with interest. Writ dated January 1, 1873.

At the trial in the Superior Court, before *Lord*, J., the plaintiff offered evidence tending to show that on March 1, 1871, Baker agreed with the plaintiff to lend him $5000, and to take the plaintiff's note therefor, payable within six years from date, and as security for the payment of that note, he agreed to take an assignment of a contract which the plaintiff had in relation to certain real estate in Northampton ; and that on the same day the plaintiff executed his promissory note for $5000 as agreed, payable within six years from date with interest, and also an assignment of said contract of the plaintiff in relation to said real estate, and delivered said note, contract and assignment, to Baker, who held them at the time of his death, and the defendants, as his executors, now hold the same ; that Baker thereupon lent the plaintiff the sum of $1820, and gave him the note in suit for the balance ; that before said note became due Baker died, and on June 29, 1871, the plaintiff assigned said note to Stoddard & Kellogg, as collateral security for goods sold and delivered, and to be sold to him ; and that Stoddard & Kellogg took said note in good faith. The defendants filed the $5000 note in set-off.

Upon this evidence the judge ruled that, inasmuch as the only consideration for the $3180 note was Backus's promise to repay the amount furnished on such note, such promise was not in law a sufficient consideration for the note, although such promise was secured by the assignment of the contract referred to, as collateral to it. Upon this ruling a verdict was taken for the defendants, and the plaintiff alleged exceptions.

*D. W. Bond*, for the plaintiff.

*S. T. Spaulding*, for the defendants.

GRAY, C. J. One promise is a legal consideration for another. Met. Con. 182. If a promissory note is made by A. to B. in exchange for a promissory note made by B. to A., each note is a valid consideration for the other, whether between the original parties, or in an action by an indorsee. *Eaton* v. *Carey*, 10 Pick.

211. *Higginson* v. *Gray*, 6 Met. 212. *Whittier* v. *Eager*, 1 Allen, 499. If both notes are over due, and each remains in the hands of its payee, the one may doubtless be set off against the other. But the two contracts, though mutual, are independent, and if they are for the payment of money at different times, each must be performed according to its terms. *Strangborough* v. *Warner*, 4 Leon. 3. *Waterhouse* v. *Kendall*, 11 Cush. 128. *Traver* v. *Stevens*, Ib. 167.

But this case is not one of a mere exchange of notes. The plaintiff, in consideration of a sum of money lent to him by the defendants' testator, and of a note made to him by the latter for the payment of an additional sum in four months, made and delivered to him a note for the amount of both sums, payable in six years, together with an assignment, as collateral security for the payment thereof, of a contract relating to certain real estate. The promise of the plaintiff to pay his note at maturity, and the delivery of the collateral security. for the performance of that promise, constitute a sufficient consideration for the promise, contained in the note received by him, to pay the sum therein expressed at an earlier date.　　　　　　　　*Exceptions sustained.*