## HOWLETT v. FITZGIBBON et al.

*(City Court of New York, Trial Term.   June 25, 1888.)*

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS—WHO ARE.

Where notes are made and exchanged, each holder is a purchaser for value. Where one party is induced to make an exchange of notes on the credit and security of an acceptance of a third party, he becomes a *bona fide* holder of such acceptance, to the amount of the note given on the faith thereof; and this, whether the note so given is paid at maturity or not.

*(Syllabus by the Court.)*

On trial by the court.

The action is on a past-due draft for $513.53 drawn by William H. H. Rogers, and accepted by the defendants.   Rogers induced the defendants to accept the draft on his promise to make up the difference between the amount thereof and $1,000, and to use the proceeds to retire a draft for that sum, which they had previously accepted for his accommodation.   Instead of using the draft in suit for the purpose stated, Rogers delivered it to Steves & Hasbrook as security for a post-dated check of his for $451.88, which he gave them in exchange for their note of the same amount; the intention being that the check should pay the note.   The check was not paid; neither was Steves & Hasbrook's note, but it is still outstanding and collectible from them.   Steves & Hasbrook refused to exchange their note for Rogers' post-dated check until the latter delivered to them the defendant's acceptance as security for its payment, and then the exchange was consummated.   Steves & Hasbrook, at the time they received the defendant's acceptance, did not know of the diversion, or of the circumstances under which Rogers procured the acceptance.   The question presented is whether these facts establish a defense.

*Wm. P. S. Melvin,* for plaintiff.   *Brown & Dexter,* for defendants.

McADAM, C. J.   The defendants' acceptance having been diverted from the purpose for which it was given, they are not liable on it unless the transaction between Rogers, on the one hand, and Steves & Hasbrook, on the other, made the latter *bona fide* holders of it for value, so as to shut out the equities between the original parties.   The exchange of Steves & Hasbrook's note of $451.85 for Rogers' post-dated check of the same amount, on the credit, faith, and security of the defendants' acceptance, made Steves & Hasbrook *bona fide* holders of the check and acceptance, to the amount of $451.85, aforesaid. *Dowe* v. *Schutt,* 2 Denio, 621; *Wooster* v. *Jenkins,* 3 Denio, 187; *Newman* v. *Frost,* 52 N. Y. 422; *Burhans* v. *Carter,* 13 Hun, 153; *Frazier* v. *Printing Co.,* 24 Hun, 281.   The fact that Steves & Hasbrook have not paid their note does not detract from their rights as *bona fide* holders.   Their obligation is outstanding.   They have not been discharged from their liability thereon, which continues until they extinguish it by payment.   As Steves & Hasbrook were *bona fide* holders of the acceptance sued upon, to the extent of $451.85, the plaintiff succeeded to their rights, and is entitled to judgment for this amount, with $40.66, interest; aggregating $492.51.