strange construction, and would defeat the intention of the parties, and work injustice. It is always to be kept in mind that the west line of Union street is referred to solely to enable Ryan to know where the land lay which he was purchasing, and the parties to the deed could only mean the line of the street as it had existed at all times prior to the new survey, and as it existed when Dean & Rhodes sold to Ryan; and the description in the deed does not call attention, even by implication, to any other line. The reference to the map was simply to designate the block, and it stops there. But, even if the map is read into the deed, it does not help the plaintiff, because, if the map line of the street is different from the street line as actually opened and used, the latter, as between Dean & Rhodes and Ryan, must control. Van Wyck v. Wright, 18 Wend. 156; 4 Am. & Eng. Enc. Law (2d Ed.) tit. "Boundaries," pp. 803–805, and notes; 2 Am. & Eng. Enc. Law (1st Ed.) p. 502. To conclude, I treat the west bounds of Union street as used and existing as a monument on the ground, and I hold that the parties contracted with reference to that monument as a matter of fact, and that, if the map line differed from the line of occupation, the latter must control, in view of the authorities just cited. I see no material difference in principle between this case and the case of Barrows v. Webster, 70 Hun, 599, 25 N. Y. Supp. 1131, affirmed in 144 N. Y. 422, 39 N. E. 357. This leads to a dismissal of the plaintiff's complaint upon the merits.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Cary, Rumsey & Hastings, for appellant.
Fred L. Eaton, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon opinion of the referee.

---

(32 Misc. Rep. 623.)

## SHANNON v. HAWLEY.

(Supreme Court, Trial Term, New York County. October 29, 1900.)

CHECKS—EXCHANGE—CONSIDERATION.

 In an action by plaintiff as assignee after maturity of two checks drawn and delivered to the payee by defendant in exchange for a check of a third person, which was afterwards dishonored, defendant pleaded want of consideration. *Held* that, since one promise is a legal consideration for another, the plaintiff was entitled to recover.

Action by John G. Shannon as assignee after maturity of two checks drawn by Thomas R. Hawley, defendant, and given to payee in exchange for a check of a third party. The defendant pleaded that there was no consideration for the checks in suit, because the check received by him in exchange therefor was dishonored. Judgment for plaintiff.

Sumerwell, Shoup & Vermilya, for plaintiff.
Byron Travor, for defendant.

McADAM, J. It is elementary that one promise is a legal consideration for another. If a promissory note is made by A. to B. in exchange for a promissory note made by B. to A., each note is a valid consideration for the other, whether between the original parties, or in an action by an indorsee. It is in the nature of an ex-

change of property, each party getting title to the property received in exchange. Newman v. Frost, 52 N. Y. 422; Rice v. Grange, 131 N. Y. 149, 30 N. E. 46; Bank v. Smith, 155 N. Y. 185, 49 N. E. 680; Backus v. Spaulding, 116 Mass. 418; 4 Am. & Eng. Enc. Law (2d Ed.) 188; Edw. Bills, 322; Chit. Bills (10th Am. Ed.) 708; Daniel, Neg. Inst. § 187; Wooster v. Jenkins, 3 Denio, 187; Dowe v. Schutt, 2 Denio, 621. If both notes are due, and each remains in the hands of its payee, the one may doubtless be set off against the other. But the two contracts, though mutual, are independent; and, if they are for the payment of money at different times, each must be performed according to its terms. Backus v. Spaulding, supra. In Wooster v. Jenkins, supra, the court said:

"It is urged that, as between the original parties, cross notes or acceptances should be regarded as accommodation, in contradistinction to business securities. But the rule is settled the other way. Each party may prove the debt against the other under a commission in bankruptcy. And, although one party sells the note or bill at a greater discount than 7 per centum, the purchaser will acquire a good title. It is true that, so long as the securities are in the hands of the original parties, they will balance each other. But it will be by way of set-off, and not on the ground that they are invalid."

See, also, Rice v. Grange, supra. No set-off is pleaded here.

The application of these rules to the present controversy entitles the plaintiff to judgment for $970, with interest.