1838.

Hawley
v.
Ross.

HAWLEY and others *vs.* Ross and others.

Whether an order of a debtor, directing the payment of a debt out of a de-
signated fund belonging to such debtor, and the acknowledgment of the re-
ceipt of the order by the person having the custody of the fund, is an equi-
table appropriation of the fund, so as to give the creditor a specific lien
thereon ; *Quære ?*

The duties of as urviving trustee, on his decease, do not devolve upon his
personal representatives or upon his heirs ; but the trust if unexecuted vests
in the court of chancery, with all the powers and duties of the original
trustee. Such representatives or heirs, therefore, are not authorized to in-
stitute a suit for the benefit of the cestui que trust.

The sixty eighth section of the article of the revised statutes relative to uses
and trusts, which devolves the trust upon the court of chancery upon the
death of the surviving or sole trustee, is applicable to the trustee of a fu-
ture or contingent interest in personal property.

THIS was an appeal from a decree of the late vice chan-     March 6.
cellor of the third circuit. Previous to the marriage of the
widow of R. James deceased, with the defendant W. E.
Ross, a deed of settlement was executed, by which her es-
tate was conveyed to S. S. Treat as trustee for her sepa-
rate use. An agreement was also entered into between her
and W. James the father of her late husband, by which
each was to execute a bond to the other as trustee for her
three infant children by her late husband ; conditioned to
pay ten thousand dollars for the use of such children, or the
survivor of them, in equal proportions as they should res-
pectively attain the age of twenty one years. Bonds were
executed and delivered accordingly, previous to the marriage,
which was the day after the deed of settlement. And shortly
after the marriage, the defendant G. S. Ross, for the pur-
pose of carrying into effect the agreement with W. James
to secure the payment of the children's portion out of her
separate estate under the deed of settlement, made and sub-
scribed an order or direction to the then trustee or the trus-
tee to be appointed under such deed of settlement, which
order was endorsed on the bond given by her to W. James
as trustee ; whereby she ordered and directed S. S. Treat,
or such other person or persons as might be appointed the

trustees of her estate, to pay the several sums of money mentioned in her bond, at the days and times and in the manner therein specified. The bond, with this order endorsed thereon, was afterwards shown to Treat the trustee, who endorsed thereon as follows: " I acknowledge service upon me of a true copy of the above written order and within written bond. Albany, April 19th, 1828. Samuel S. Treat." Elizabeth James, one of the children named in the condition of the bonds, died in 1830 under age ; and Treat, the trustee under the marriage settlement, died in February, 1831. In July, 1832, Ross and wife presented a petition to the chancellor, to have a new trustee appointed in the place of Treat ; and W. James appeared and presented a cross petition, to protect the rights of the surviving children of R. James in the trust estate under the bond and order of Mrs. Ross. On these petitions, an order was made to appoint the trustee named by Mrs. Ross, on condition that both she and W. James should give security to the register by way of mortgage on real estate, conditioned to pay the amount of their respective bonds, for the benefit of the two surviving children ; the mortgage of Mrs. Ross to be upon a part of her separate estate, and to be executed by herself and husband and the new trustee. The consent mentioned in the order was not given by Ross and wife, and the order for the appointment of the new trustee, therefore, became inoperative. W. James died a few months afterwards. The complainants, as his executors, filed the bill in this cause against Ross and wife and the two surviving infant children of R. James, to have a suitable and proper person appointed as trustee under the marriage settlement, and to have the ten thousand dollars which was payable out of the separate estate of Mrs. Ross properly secured ; the complainants alleging that W. E. Ross was insolvent, and that the fund was in danger of being lost.

By the answer of the defendants Ross and wife most of the facts stated in the bill were admitted. But they denied that Mrs. Ross ever agreed to give security for the payment of the $10,000 to her children ; on the contrary, they alleged, that at the time of the execution of the bonds

she was requested by W. James, to give such security but refused to do so. They also insisted that the complainants had no interest in the subject matter of this suit, and that neither the complainants nor the infant defendants had any right to interfere in the appointment of a trustee under the marriage settlement. The infant defendants put in answers by their guardian ad litem, claiming the two sums secured by the trust bonds and submitting their rights to the judgment of the court. The cause was heard before the vice chancellor upon pleadings and proofs. He decided and decreed, that upon the death of Treat, the trustee of the seperate estate of Mrs. Ross, it became the duty of W. James, as the trustee in her bond for the use of the children, to procure the appointment of a competent person to take charge of so much of the trust property as would be sufficient to secure their interests therein under the bond and order; and that upon the death of W. James, a similar duty devolved upon the complainants as his legal representatives. He therefore directed a reference to a master to appoint a suitable trustee, and to take from such trustee satisfactory security for the performance of his trust; and that such trustee should, as soon as practicable without sacrificing the interests of the trust estate, create a fund to pay the amount of the $10,000 bond, and report the same to the court. He also directed the costs and counsel fees of the complainants and of the infant defendants to be paid out of the estate of W. James in the hands of the complainants; and that the same be deducted from the amount payable by them to the infant defendants on the bond to their mother as their trustee; and that the residue of the costs incurred in the suit be paid by the trustee to be appointed by the master under the deed of settlement, out of the separate estate of Mrs. Ross in his hands. From this decree, the defendants Ross and wife appealed.

*H. G. Wheaton*, for the appellants.

*J. V. L. Pruyn*, for the infant defendants.

*James King*, for the complainants.

1838.

Hawley
v.
Ross.

THE CHANCELLOR. Had it not been for the recent decision of the court for the correction of errors, I should have had no doubt that the order or direction of Mrs. Ross to her trustee to pay the amount of the bond when it should become due, out of her separate estate in the hands of her trustee, and his written acknowledgment of the receipt of the order, was sufficient to create an equitable appropriation of a part of that fund to the payment of that debt; so as to give the trustee of the infants a right to be heard on the appointment of a new trustee, in order that a responsible person might be appointed in whose hands the trust fund would be safe, so far as they were interested therein. But in the case of *Rogers* v. *Hosack and others*, the court of dernier resort decided, at the last December term, that an express covenant to pay a debt out of a particular fund belonging to the covenantor did not give to the persons to whom that covenant was given any legal or equitable right to a preference in payment out of that specific fund. And if such a covenant, founded upon a new and valuable consideration, would not create an equitable preference, a mere order of the wife upon the trustee of her separate estate to pay a debt out of the same, and without any new consideration, would not create a specific lien upon the trust estate; although the order was duly intimated to the trustee. I am therefore bound to declare, contrary to my opinion when the application was made to me in the summer of 1832 to appoint a new trustee, that W. James as trustee of the infant defendants had no interest in the appointment of such new trustee under the marriage settlement of Mrs. Ross, and had no right to be heard on such an application. She may therefore apply to modify the order of July, 1832, if she shall think proper to do so, and to make absolute the appointment of her brother William Lush, as trustee in the place of Treat.

Even if the vice chancellor was right in that part of the decree which declares that it was the duty of W. James, as the trustee for the children, to procure the appointment of a new trustee under the marriage settlement to protect their interests in that fund, he was wrong in supposing that

the duties of his trust devolved upon the complainants as his personal representatives at his death. That probably might have been the case at common law ; as the right to bring a suit upon the bond given to him as trustee was vested in the complainants as executors, and they held the bond as trustees for the children. The testator died, however, after the law in this respect had been changed by the revised statutes. The 68th section of the article of the revised statutes relative to uses and trusts, (1 *R. S.* 68,) provides that upon the death of the surviving trustee of an express trust, the trust estate shall not descend to his heirs *or pass to his personal representatives ;* but the trust, if then unexecuted, shall vest in the court of chancery with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court. If there was any doubt from this section, taken only in the connection in which it stands, that it was intended to apply to trusts of personal as well as of real estate, it is made applicable to the present case by the second section of the title relative to accumulations of personal estate, &c. (1 *R. S.* 773.) The money secured by the trust bond being payable at a future day, is a future interest or estate in that money according to the definition of a future estate as given in the statute. (1 *R. S.* 723, § 10.) The condition of this bond therefore, contains a limitation of a future estate, which is to a certain extent a contingent interest in personal property ; and the persons upon whom the legal interest or trust is to devolve, upon the death of the trustee, must be controlled by the provisions of the 68th section above referred to. The trust which W. James held by virtue of this bond, at the time of his death, devolved upon this court and not upon his executors. The bond should therefore be delivered to the register, or to the general guardian of the infants for their use ; so that he may get a new trustee appointed to receive the first payment, which will become due when Elizabeth James would have been 21 if she had lived.

For these reasons, the decree of the vice chancellor must be reversed, with costs both in this court and in the court below, to be paid by the complainants out of the estate of the testator in their hands to be administered.