### GROUT *v.* VAN SCHOONHOVEN and others.

By a post-nuptial settlement, the husband conveyed to trustees all his interest in the real and personal estate of the wife, in trust, to receive the income and apply it to the separate use of the wife for life, and after her death, to apply the same to the support, &c. of her issue until they should attain the age of 21 years, and then to divide the estate among the issue.

The trust was held valid as to the real estate, and as to the personalty, so far as the wife's trust interest was concerned.

The trusts in the personalty, after her death, were adjudged void, as suspending the absolute ownership beyond the period of two lives in being.

The wife, on a private examination in due form, declared her desire, (and executed an appointment,) to have $10,000 of the personal estate paid over to her husband absolutely, and that he might be restored to his marital rights in the real estate.

The latter was held to be impossible, because of the inalienability of trust interests in real estate.

As to the personalty, it was held, that with her consent, and by her appointment, which operated on her life interest in the income, the court might order such payment. And an order was made accordingly, on the husband's executing a valid settlement of the residue of the personal estate, so as to secure the capital to the children of the marriage.

Provisions and limitations directed in such settlement.

Grout v. Van Schoonhoven.

The interest of the wife in the prior settlement was not a future or expectant estate, and did not fall within the provision of the Revised Statutes, which makes the interest of the beneficiary in a trust, inalienable.

Nov. 9, and Dec. 19, 1843; Feb. 27, 1844.

THE bill in this cause was filed by Solon Grout, against James Van Schoonhoven and John T. M'Coun, trustees in the marriage settlement hereinafter set forth, and against his wife, Rebecca Ann Grout, and their infant children. It prayed to have the settlement declared void and cancelled, and in default of avoiding it, to have it executed according to his wife's wishes, and a part of the personal property paid over to him.

Mrs. Grout, then Miss Knickerbacker, at the time of the marriage, on the 24th of May, 1832, was seised in fee of an undivided moiety of a valuable real estate, in the city of Albany, known as Knickerbacker Hall; and was entitled to a large personal estate, consisting of stocks in banks, and other corporations. On the 12th of March, 1835, the settlement in question was executed by the complainant. At that time, the stocks were estimated to be worth $40,000. By the settlement, Mr. Grout conveyed to the trustees all his title to his wife's real estate, and all his right and interest in her personal property, (excepting the sum due on an award,) in trust, substantially to pay over the income of the whole to his wife during her life, for her separate use, with power to change the investments; and after her death, to apply the income to the support of her issue, until they should attain the age of 21 years, when the trustees might, under the direction of the Chancellor, divide the real and personal estate among such issue and the children of such as had deceased. And Mr. Grout covenanted to execute further assurances to facilitate the execution of the trusts.

There were two children of the marriage at the time of the settlement, and two have been born since.

The trustees took possession of the property transferred, and have ever since received and applied the income.

In June, 1843, Mrs. Grout executed a declaration and request to the trustees, to deliver to her husband $10,000 of the personal property for his absolute use, and to restore him to his marital

rights in Knickerbacker Hall. This declaration she acknow-
ledged in due form before the assistant vice-chancellor, after
her rights were duly explained to her, and he certified that Mrs.
Grout desired to have the residue of the estate so settled as to
give to her a separate estate in the income for life, a life estate
therein to her husband if he survived her, and the remainder
to her children.

The trustees declined to act under the declaration, without the
sanction of the court.

This bill was thereupon filed.

In a previous suit by Mr. Grout, which the late assistant
vice-chancellor dismissed on grounds not affecting this case,
he decided that the trusts in the settlement for the issue of Mrs.
Grout were invalid, but that those for the benefit of Mrs. Grout,
at least in the personal estate, were valid.

*J. Howe,* for the complainant.

*D. Buel Jr.* for the trustees and the infant defendants.

THE ASSISTANT VICE-CHANCELLOR.—By the trust deed
executed in 1835, the complainant conveyed to the trustees his
life estate as tenant by the curtesy initiate, in the real estate in
question. But no other or greater estate or interest was vested
in the trustees. Mrs. Grout was not a party to the deed, and
the estate in fee after the death of the complainant will remain
in her.

When this deed was before my learned predecessor in Novem-
ber, 1842, he held upon an examination of the trusts, that the
limitations in the deed after the death of Mrs. Grout were void,
as providing for a suspension of the power of alienation beyond
the period allowed by the statute. He inclined to the opinion
that to the extent of her life, the trusts would be upheld, and
that at all events, the complainant ought not, in the face of his
covenants, to be permitted to avoid the deed in any part of it
that was valid.

As the trustees interest in the realty under the deed must
necessarily cease at the death of the complainant, the excess

in the trust which was deemed void by the late assistant vice-chancellor, is the possible continuance of the estate in the trustees, in case the complainant survived his wife, during the period of such survivorship.

In this view of the case, it may justly be said that the utmost duration of the trust as to the real estate, is to the termination of the lives of Mr. and Mrs. Grout ; and in the event of her surviving him, the trust must terminate with his life. In its greatest possible extent, it is limited therefore, to two lives in being at the time of its creation. Indeed, as nothing more than the life estate of the complainant was conveyed, the trust must of necessity cease at the end of his life ; and therefore although the deed assumed to make disposition of the income till the youngest child of Mrs. Grout should become of age, it was inoperative beyond the life of Mr. Grout, for the simple reason that the estate of the trustees in the land, would then terminate.

The operation of the conveyance being thus limited to his life estate, and the land at his death remaining in fee in Mrs. Grout, or in her issue if she shall not survive him ; I can see no objection to its validity. It may be desirable for the greater security of the issue, to extend the trust, especially if it is to be reformed in respect of the personal estate.

I will next examine the effect of this instrument upon the personal property transferred to the trustees. At the time of its execution, the complainant was entitled to the personalty absolutely, *jure mariti*. Therefore his conveyance of the same was sufficient to transmit the whole title to the trustees, if the instrument itself did not contain provisions which invalidated or abridged its operation.

It is clearly shown by the opinion of the late assistant vice-chancellor, that the trusts for the children after the death of Mrs. Grout, cannot be sustained under the Revised Statutes.

It is equally clear that the trust for the benefit of Mrs. Grout, during her life-time is valid.

In the case of *Darling* v. *Rogers*, (22 Wend. 483,) an assignment of real estate for the benefit of creditors, upon trust to sell or mortgage, was held valid by the Court for the Correction

of Errors, as to the trust to sell, although the trust to mortgage was deemed void under the statute relative to uses and trusts.

The Chancellor, speaking of this decision in *Van Vechten* v. *Van Veghten*, (8 Paige's R. 119,) says that it was thereby "settled that a conveyance in trust was valid, so as to vest the estate in the trustees *pro tanto*, if any of the trusts therein specified were authorized by the Revised Statutes, although the property was conveyed upon other express trusts which were prohibited by law."

In the same case he says, " in trusts of personal estate, a suspension of the absolute ownership as to one part of the fund, for a longer period than is allowed by law, will not make void the disposition which has been made of another part thereof ;" and the Chancellor there decided, that where personal estate is vested in trustees upon various trusts, some of which are valid and others void, the courts must sustain those which are legal and valid, if they can be separated from those which are illegal and void.

The result is, that the personal estate in question vested in the trustees upon a valid trust to pay the income thereof to Mrs. Grout, for her separate use during her life. The future estates limited upon that trust are void, but the whole estate passed to the trustees in order to support the trust which is valid. Upon the accomplishment of this trust, the residuary interest results to the complainant.

If the wife asserts her equity for a more suitable settlement in respect of her children, the fund is still sufficiently within the control of the court to direct such a provision.

This leads me to the consideration of the nature of the wife's interest in the existing trust of the personal estate, and of her wishes in regard to the whole property.

She has expressed her desire, on a private examination before the assistant vice-chancellor, to have her husband restored to his marital rights in the real estate known as Knickerbacker Hall, and that he may receive absolutely, $10,000 of the personal estate in question, and that the residue of the personal estate be vested in trustees, for her sole and separate use during her life, and for his use for life from and after her death, if he survives

her, and after the death of both, to be equally divided amongst her children.

As to the real estate, this cannot be done.  The statute relative to uses and trusts provides, that no person beneficially interested in a trust for the receipt of the rents and profits of land, can assign or in any manner dispose of such interest.  (1 Rev. Stat. 729, § 63.)  And where the trust shall be expressed in the instrument creating the estate, every sale, conveyance, or other act of the trustees, in contravention of the trust, shall be absolutely void.  (Ibid. § 65.)(*a*)

The learned counsel for the defendants, argues that these sections are equally applicable to the personal property embraced in this trust, and that the court is not authorized to direct any transfer or absolute disposal of the fund or of her interest in it.

The article of the Revised Statutes relative to uses and trusts, is a part of the first chapter of part second, and has reference to real property only.  The fourth chapter of the same part, is entitled " Of title to personal property in certain cases," and title fourth of that chapter relates to " accumulations of personal property and of *expectant estates* in such property."  Section first provides a restriction against the suspension of the absolute ownership of personal property ; and the second section, which is supposed to bring this case within the sections before cited making trusts inalienable, is in these words :  " In all other respects, limitations of future or contingent interests in personal property, shall be subject to the rules prescribed in the first chapter of this act, in relation to future estates in lands."  (1 Rev. Stat. 773, § 1, 2.)

This trust is not one of accumulation, nor is it an *expectant estate ;* so that it does not come within the description of cases for which title fourth was enacted.  Then take the second section.  It is applicable to *future or contingent interests,* and none other.  Mrs. Grout's beneficial interest here, is *vested,* not *contingent.*  It is a present estate in possession, and not a *future*

---

(*a*) In *L'Amoreux* v. *Van Rensselaer,* decided Aug. 5, 1845, the Chancellor ruled in the same manner, and discussed the subject at large.

*interest.* In the second title of the first chapter, the statute tells us what is a future estate. It divides estates into those in possession, and those in expectancy. The former, are those where the owner has an immediate right to the possession. The latter are those where the right to the possession is postponed to a future period. Then estates in expectancy are divided into two classes; 1. Estates commencing at a future day, denominated *future estates;* and 2. Reversions. (1 R. S. 722–3, § 7, 8, 9.)

It is thus perfectly plain, that the provisions against the aliening of trust interests in lands, have no application to a vested interest in possession under a trust of personal estate. I have perhaps been more minute in the demonstration than was necessary; because, in one or two instances where trusts of real and personal property were created by the same deed, the courts have blended them together, without discrimination, in speaking of the inalienability of trusts.

Mrs. Grout's interest in the personal property in question, does not extend to the capital. She has merely a separate life estate in the income of the fund, subject to the usual incidents of the separate property of a married woman.

Without her consent, the capital of the fund is intangible during her life. With her consent, I see no reason why the court may not permit her husband to receive a part of that capital at this time, if thereupon the interests of the wife and her children in the residue of the property, can be more effectually secured.

As this trust now stands, the children are entitled to no rights in the personalty; nor are they any better off as to the real estate, in case Mrs. Grout survives her husband. During his life, the trust deed will perhaps prevent him from joining her in disposing of her estate in remainder.

I am well satisfied that the substantial interests of the children of Mrs. Grout, will be promoted by yielding to her expressed assent in reference to the $10,000, on her husband joining with her in the execution of a proper deed of settlement of the residue of the property, both real and personal.

The trusts should be for the use of the wife during her life,

Grout v. Van Schoonhoven.

restricting the anticipation of income; and upon her death, for the use of the complainant for life, in case he survives her; and immediately upon the death of both, to be divided equally amongst all her children then living, and the descendants of such as shall have died leaving issue, *per stirpes.* There may be a power to Mrs. Grout, with the approbation of the trustees, to make advances to her children on their attaining their full age, or being married, out of the capital of the fund, in anticipation of the ultimate distribution.

There must be a reference to a master to settle the trust deed ; and Mr. Van Schoonhoven having asked to be discharged from the trust, the master may pass his accounts and report a new trustee in his stead.

On this deed of the residue being executed, the trustees will be decreed to pay to the complainant, money or stocks to the amount of $10,000, and to pay the costs of the parties, out of the personal estate.

In the mean time that direction and all further questions are reserved, with liberty to the parties to apply, &c.(a)

---

(a) A settlement was executed by Mr. and Mrs. Grout, in conformity with the decree, which embraced all the property both real and personal, except the $10,000. This was approved by the court, and a final decree made on the 2d of May, 1844.