Matter of Howell.

made on behalf of the defendant, we will notice it no further and give it no weight in our decision.

In this discussion we have assumed that the defendant took this draft without notice of the purpose for which the drawees authorized it to be drawn. We are justified in this assumption by the undisputed evidence. If the case had been submitted to the jury and they had found that the defendant had such notice, the verdict would have been so far against the evidence that it would have been the duty of the court, upon application, to set it aside.

Our conclusion therefore is, that this recovery cannot be upheld, and the judgment should be reversed and a new trial granted.

All concur except MILLER, J., dissenting; FOLGER, C. J., and ANDREWS, J., concur in result.

---

## N. Y. COMMON PLEAS.

In the Matter of the Application of LORRETTA HOWELL, for the appointment of a trustee to succeed ELISHA BROOKS, deceased.

*Trusts — What trusts descend to the legal representatives on the death of a trustee.*

A trust fund, consisting of personal property, upon the death of a trustee descends to and the title vests in his legal representatives.

The provisions of the statute (*R. S., part 2, title 2, chap.* 1, *sec.* 68) giving the title to a trustee to be appointed by the court, apply to trusts in real estate only.

*Special Term, June,* 1881.

*John A. Bryan,* for petitioner.

*Henry A. Root,* for administrator.

Matter of Howell.

LARREMORE, J. — The facts alleged in the petition were referred for proof, which has been made and reported to the court. It thereby appears that there came into the hands of Elisha Brooks, the deceased trustee, a trust fund amounting to $12,027.05, against which no offset or reduction exists in his favor.

James Raymond, administrator with the will annexed of Elisha Brooks, deceased, appeared and was heard upon the proceedings thus had, and now appears by counsel in opposition to an application for the appointment of a new trustee and the payment of such trust fund to him.

It is conceded that the fund in dispute is personal property, and the question is whether such trust estate descended to the legal representatives of Brooks, or by operation of law vested in the supreme court (*Revised Statutes, part* 2, *title* 2, *chap.* 1, *sec.* 68). The authorities are conflicting upon this point. In *Hawley* agt. *Ross* (7 *Paige*, 103) the chancellor held that the Statute of Uses and Trusts was applicable in this respect to both real and personal property. This ruling was followed in *Curtis* agt. *Smith* (60 *Barb.*, 9), and there are several *dicta* to be found in the cases that appear to confirm this view. But the court of appeals, in *Bucklin* agt. *Bucklin* (1 *Abb. Ct. Appeals Dec.*, 242), and again in *Emerson* agt. *Bleakley*, (5 *Abb. Pr.* [*N. S.*], 350) maintained the opposite theory that the provisions of the statute as to the vesting of trusts, upon the death of a trustee, relate exclusively to real estate (*See, also, Burn* agt. *Vaughan*, 5 *Abb. Pr.* [*N. S.*] 269; *Banks* agt. *Wilkes*, 3 *Sand. Ch.*, 99; *Matter of North Shore Staten Island Ferry Co.*, 63 *Barb.*, 556; *Gilman* agt. *Reddington*, 24 *N. Y.*, 13). The weight of authority must therefore control.

The trust fund has been sufficiently identified for the purposes of this application (*see Hooley* agt. *Gieve*, 9 *Abb. New Cases*), and the petitioner should not be put to her action where there is no dispute as to the facts or her rights in the premises.

Decree ordered in favor of petitioner.