# SUPREME COURT.

HANNAH M. PERRY agt. JOHN FOSTER and EMELIA FOSTER, as surviving trustees under the will of JAMES FOSTER, deceased.

*Action — by a cestui que trust under a will against the trustees appointed thereunder for an accounting and for removal of one of them — Answer — Demurrer to answer — a detailed statement of facts in answer by which a certain conclusion is reached, though set up as separate defenses are not good grounds of demurrer — The provisions of Revised Statutes in relation to uses and trusts do not apply to trust of personal property — Counter-claim set up in answer good as against demurrer, if it tends to diminish or defeat recovery.*

Where plaintiff, as a *cestui que trust* under a will, brings suit against the two trustees appointed thereunder for an accounting and for the removal of one of them, alleging that defendants were directed by the will to invest $40,000 and pay her the income for life, and that they paid her for several years various sums, represented to be such income, but that they had, since April, 1879, refused to make such payment:

*Held,* that as defendant's denial in his answer, that he ever received the $40,000 referred to, from the estate, raises an issue as to plaintiff's right to demand an accounting, and his removal as trustee, the detailed statements of facts by which such conclusion is reached, though set up as separate defenses, are not good grounds of demurer. If found exple-

tive or redundant, they should be expunged by motion. And as plaintiff, by her demurrer to such statements of fact, admits that she and her mother received $10,000 under a mistaken interpretation of said will, for her fair share or proportion of which she is liable to the defendant, and that for the purpose of securing payment of such liability, she and her mother assigned to defendant their share in the estate, by virtue of which defendant counter-claims the moneys advanced by him, such counter-claim being allowable under section 501 of the Code, and the trust fund in dispute being personal property, the provisions of the Revised Statutes in relation to uses and trusts do not apply ; and such fund being therefore answerable under certain conditions of fact, to the claims of a creditor, though the counter-claim, as pleaded, may not, if proved, entitle the defendant to a judgment on the trial, yet the demurrer should be overruled, as such counter-claim may tend to diminish or defeat the plaintiff's recovery.

*Special Term, November*, 1881.

*Grosvenor P. Hubbard*, for plaintiff.

*Samuel Jones* and *James F. Malcolm*, for defendant.

LARREMORE, *J.* — Plaintiff, as a *cestui que trust* under the will of James Foster, deceased, sues for an accounting and for the removal of the defendant, John Foster, as trustee thereof. The complaint alleges that by said will the defendants were directed to invest the sum of $40,000, and pay over the income thereof to plaintiff during her natural life. That the defendants have received said sum from the estate of said James Foster, and have paid to her for many years prior and up to April, 1879, various sums of money which the defendants represented to her to be the interest and income arising from such investment. That since the date last named the defendants have neglected and refused to pay to her any part of such income, although she has duly demanded the same ; wherefore she asks judgment as above stated.

The defendant John Foster in his answer denies that he had received the alleged trust fund, or that he ever represented that the various sums of money paid by him to the

plaintiff were the income or interest of any investment of such fund. He avers, as a separate defense, that a sum of $40,000 given by said will to the defendants in trust for Robert C. Foster (a brother of plaintiff), was, upon said brother's decease, paid to this plaintiff and her mother, the other defendants herein, under the belief that said sum lawfully belonged to them. That by judicial proceedings subsequently taken, it was decided that the plaintiff was not entitled to more than one-quarter of said sum, and the defendant claims that at least $20,000 of said sum last mentioned, with interest thereon, should be deemed as a payment in advance of the income or interest accruing from and after April 1, 1879, on the $40,000 named in the complaint herein, and which said sum of $20,000 he counter-claims against any sum adjudged to be due the plaintiff.

For a further and separate defense, it is alleged that on February 22, 1870, the plaintiff and her mother — the codefendant herein — by an instrument in writing of that date, in consideration of any advance that they or either of them might receive from defendant as executor of the will of said James Foster, consented and promised to pay back the same to him in case a demand should at any time be made upon him by any person lawfully entitled thereto; that on May 25, 1875, the plaintiff and her mother, by an instrument under their hands and seals — after reciting the said will and provisions therein contained, that defendant had made certain advances of money to them, and that they had requested further advances from him, and had agreed to pay the same on demand, with interest; that such amounts might be charged against and deducted from any moneys due or to become due under said will, and for the purpose of securing payment thereof — assigned and transferred to the defendant all their share and interest in the estate left to them by said will; that the defendant has advanced to the plaintiff and her mother divers sums, amounting to $40,000, $20,000 of which he counter-claims against the plaintiff's alleged demand.

Defendant further avers that it was provided and directed by said will, that for the purpose of carrying it into full effect the executors thereunder — with the consent in writing of his codefendant — were empowered to sell the testator's real estate; that at the time of his death the same was largely incumbered and had greatly depreciated in value, and that if the same had then or at any time prior to the year 1865 been sold, it would not have produced, together with the personal estate, much more than its incumbrances and the debts due and owing by the testator; that portions of said real estate were sold as pressing necessity required, until all such debts and incumbrances (save one of $2,650) had been discharged; that after such payments, and the setting apart of the $40,000 directed to be done by the second clause of said will for the benefit of Robert A. Foster, there remained no funds wherewith to make the investment of $40,000, provided by the third clause of the will in behalf of the plaintiff; that to provide the requisite funds therefor a sale of some portion of such real estate will be necessary, which sale the defendant is ready and willing to make, but to which his codefendant and this plaintiff object.

To the second defense the plaintiff demurs as insufficient in law. She also demurs to the counter-claim set up in the answer as not authorized by section 501 of the Code of Civil Procedure, and that the same does not state facts sufficient to constitute a cause of action.

The defendant denies that the $40,000 referred to in the complaint has ever been received by him from the estate, or that he ever represented to plaintiff that the various sums of money paid to her by him was the interest or income arising therefrom. This raises a distinct issue as to the plaintiff's right to demand an accounting and the removal of defendant as trustee. All detailed statements of facts by which such conclusion is reached are not good ground of demurrer. If found to be expletive or redundant they should be expunged by motion.

Section 501 of the Code allows a counter-claim to be interposed which arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.

The plaintiff, by demurring, admits that she and her mother have received the sum of $40,000, under a mistaken interpretation of said will, for her fair share or proportion, of which she is liable to the defendant. She also admits that she, in connection with her mother, in an instrument reciting the will and its provisions, that defendant had made certain advances of money to them, and that they had requested further advances from him, agreed to pay the same on demand, with interest, and thereby (for the purpose of securing payment thereof) assigned to the defendant all their share and interest in their estate under the will, by virtue of which assignment the defendant counter-claims the moneys advanced by him.

There can be no doubt of the intention of the parties in this respect, nor that it arose out of the transaction set forth in the complaint, and was " connected with the subject of the action."

The main obstacle raised by the demurrer is that the interest of the plaintiff under the will, being that arising from a trust fund, was inalienable and not subject to her individual disposition.

The trust fund created by the will must be regarded as personal property (*Savage* agt. *Burham*, 17 *N. Y.*, 561; *Bunn* agt. *Vaughan*, 1 *Abb. Ct. Appeals*, sec. 253.)

The question then occurs whether or not the provisions of the Revised Statutes (*title* 2, *chap.* 1, *part* 2) in relation to uses and trusts apply to a trust of personal property. Great contrariety of opinion seems to exist upon this point (*See cases last cited; also Kane* agt. *Gott*, 24 *Wend.*, 641; *Graff* agt. *Bennett*, 31 *N. Y.*, 9; *Williams* agt. *Thorn*, 70 *id.*, 270; *In re Howell*, 61 *How. Pr.*, 179, *and cases there cited; Grout* agt. *Van Schoonhoven*, 1 *Sand. Ch.*, 336; *Arnold* agt. *Gilbert*, 5 *Barb.*, 190; *Cruger* agt. *Cruger*, 5 *id.*, 225).

The weight of authority leans to the conclusion that the trust fund in dispute is personal property, not within the restriction of the statute, and answerable under certain conditions of fact to the claim of a creditor.

The counter-claim as pleaded may not, if proved, entitle the defendant to a judgment on the trial, but if it tends to diminish or defeat the plaintiff's recovery it is good as against her demurrer, which should be overruled.