## In re TOUSEY.

(Supreme Court, Appellate Division, First Department.    March 20, 1896.)

1. DEATH OF ASSIGNEE FOR CREDITORS—APPOINTMENT OF SUCCESSOR.
   An assignee for the benefit of creditors is a trustee of an express trust in personalty, within Laws 1882, c. 185, providing that, on the death of such trustee, "the estate shall not pass to his personal representatives, but shall vest in the supreme court, who may appoint a proper person to execute the trust."

2. SAME—ACCOUNTING.
   An order appointing a substituted assignee (Laws 1882, c. 185), on the death of an assignee for the benefit of creditors who had managed the estate for nearly 11 years without accounting, should require an accounting.

Appeal from special term, New York county.

Application by Frank Tousey for an order appointing a substituted assignee for the benefit of his creditors in the place of Stillman R. Walker, deceased.    From an order appointing George R. Vernon as substituted assignee, William H. Hubbard, executor of Walker's estate, appeals.    Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

W. J. Foster, for appellant.

John R. Farrar, for respondent.

RUMSEY, J.    It appears, from the papers in this case, that in March, 1885, the petitioner, Frank Tousey, executed an assignment for the benefit of his creditors to one Stillman R. Walker, who accepted the trust and entered upon its execution.    The assignee died in December, 1895, leaving a last will and testament, whereby he appointed one William H. Hubbard as sole executor.    The petitioner, who was the assignor, upon an affidavit showing this and other facts, obtained an order to show cause why a substituted assignee should not be appointed in the place of Stillman R. Walker, deceased.    Upon the hearing of this motion a new assignee was appointed, and from the order making that appointment this appeal is taken.

There can be no question of the power of the court to make this order.    Before the Revised Statutes, upon the death of any trustee of an express trust, the trust estate, if it was real estate, descended to his heir, and, if it was personal property, passed to his personal representative, who took it under the trust, and was bound to carry the trust into effect.    In that case, the new trustee was not appointed by the court, but he took the property because his ancestor or testator had been the owner of it, and it came to the heir or executor like any other property which had belonged to the ancestor.    De Peyster v. Ferrers, 11 Paige, 13;  Dias v. Brunell, 24 Wend. 9, 13;  Perry, Trusts, § 344.    Under the Revised Statutes this rule was altered, so far as regarded the trusts of real estate, and it was provided that, on the death of the trustee of an express trust, the trust estate should not descend to the heir nor pass

v.37 N.Y.s.no.8—65

to his personal representatives, but should vest in the court of chancery, whose duty it was to appoint some person to execute the trust under its direction. 1 Rev. St. p. 730, § 68. This section of the statute was in that portion of the Revised Statutes which treated of uses and trusts and which had prescribed the purposes for which express trusts of real estate might be created. It therefore applied, by its terms, only to trusts of real estate; and such has been the generally received notion with regard to it, although, in the case of Hawley v. Ross, 7 Paige, 103, it was suggested by the chancellor that the statute applied to express trusts of personal property as well as those of real estate. But that suggestion does not seem to have been adopted in practice, and, down to the year 1882, it had been generally understood that, upon the death of the trustee of an express trust of personal property, the trust estate vested in his personal representatives, who were bound to execute the trust precisely as had been the case before the passage of the Revised Statutes. Such was the case in Boone v. Bank, 84 N. Y. 83, where the trustee died before 1882, and the personal representative was held to be the proper person to execute the trust.

Whatever may have been the proper interpretation of this section of the Revised Statutes, there is no doubt that chapter 185 of the Laws of 1882 altered the common-law rule with regard to express trusts of personal property, and put them upon the same footing as express trusts of real estate had been put by section 68 of the Revised Statutes above cited. The law of 1882 was entitled "An act in relation to trustees of personal estates," and it provides that, upon the death of a trustee of an express trust of a personal estate, the estate shall not pass to his personal representatives, but shall vest in the supreme court, who may appoint a proper person to execute the trust. Under this section there can be no doubt that all express trusts of personal estate now vest in the supreme court upon the death of the trustee, and that they are to be executed by some person to be appointed by the court for that purpose. Delaney v. McCormack, 88 N. Y. 182. It is not particularly important whether the person so appointed is called a trustee or assignee, or by any other name. It is his duty to execute the trust under the direction of the court, and for that purpose he is vested with all the rights and powers which any other trustee would have, except so far as he receives special directions from the court with regard to this particular case. There is no question that an assignee for the benefit of creditors is a trustee of an express trust, and the case, therefore, is strictly within the terms, as well as within the meaning, of chapter 185 of the Laws of 1882 above cited, and upon his death the trust estate does not pass to his personal representative, but, under the provisions of that law, is to be administered by the supreme court, by some person appointed for the purpose. So far as the Case of Magnus (Com. Pl.) 22 N. Y. Supp. 70, holds to the contrary, it is not a correct exposition of the law. Indeed, what was said on that subject by the court in that case was not necessary to the decision of the case,

which had been decided upon other grounds, upon which alone the case can be supported.

Section 10 of the assignment act (chapter 466 of the Laws of 1877), provides as follows:

"In case an assignee shall die during the pendency of any proceeding under this act, or at any time subsequent to the filing of any bond required herein, his personal representative or successor in office, or both, may be brought in and substituted on such proceedings on such notice (of not less than eight days) as the county judge may direct to be given; and any decree made thereafter shall bind the parties thus substituted, as well as the property of such deceased assignee: Provided, however, that if such assignee die subsequent to the filing of his bond, and before any proceedings may have been had thereunder, then the surety on such bond may apply to the county judge for an accounting, who may on such terms as to him seem just and proper appoint another assignee and release such surety."

By Laws 1885, c. 380, the power given to the county judge by this act is also conferred upon the supreme court. This section is the only section in the act which provides for the appointment of a new assignee, and it will be noticed that it gives the power to the court to make such an appointment only in one case, and that is when the assignee has died after the filing of the bond and before any proceedings have been had under it. It was pursuant to the provisions of this portion of this section that the appointment was made by the court in Re Magnus, supra. The court in that case held that the power was given to the court of common pleas, which had the power of the county courts in this county, to appoint a new assignee, although the application was made by the surety. Whatever may have been the correctness of that decision in that regard, and we are not at all disposed to question it, the law does not take away the power of the supreme court to execute the trust under the law of 1882, and to appoint the person for that purpose, where no application is made by the surety; and, under that power, the appointment in this case was well made.

It is objected that the personal representative should be appointed, but it is quite clear that his selection is not by any means obligatory upon the court. If the legislature had intended such to be the case, there would have been no necessity of passing any law upon the subject; for, at common law, he was vested with the duties of the trustee without any action whatever on the part of the court. The very fact that the legislature provided that he should not be vested with such duties, but that the trust should vest in the court, constitutes the best possible proof that the court is at liberty to select somebody else than the personal representative to execute the trust. The selection of a proper person to act in such cases, in the nature of things, is very largely with the court to which the application is made; and the exercise of that discretion, under ordinary circumstances, cannot properly be interfered with. It is not charged that the person who is selected in this case is not a proper person to execute this trust, and we see no reason to interfere with the act of the court in making the appointment. But we think that the order should have made some provision for the taking of an account. This trust had been carried

on by Stillman R. Walker during nearly 11 years. A large amount of assets had undoubtedly come into his possession, and it is plain, from the papers in the case, that a considerable amount of money had passed through his hands as assignee. His proceedings in regard to the trust should certainly be accounted for, and the property which was in his possession as assignee, and which, in the nature of things, would be held by his personal representative until a new assignee was appointed, should be turned over to the new assignee. This should be done, not only that the new assignee may have possession of the assets of the estate, but that the surety of the old assignee should be discharged, as he has a right to be, upon the termination of the trust as to Walker. The order, therefore, should have provided for an accounting by the executor of Walker of the affairs of the assignment, and should have required him to turn over to the new assignee the property of the estate, and for the discharge of the surety when that was done.

The order of the special term must be modified by directing that the executor of Stillman R. Walker shall account, before a referee, to be appointed by the court, with regard to the property and affairs of the assignment, and shall turn over the assets of the assigned estate to the new assignee under the direction of the referee, and, when that has been done, the surety of Stillman R. Walker shall be discharged from further liability; and, as modified, the order should be affirmed, without costs to either party in this court. All concur.

---

SECOND NAT. BANK OF CITY OF NEW YORK v. CURTISS et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

1. FRAUD—WHAT CONSTITUTES.
    One who signs as a witness a purported, but in fact forged, assignment in blank of a certificate of stock, knowing that the assignment is to be used by one not the assignor in obtaining a loan, and that the lender will rely on his signature as a witness, is guilty of such fraud as will render him liable to the lender for the amount loaned.

2. CORPORATIONS—ACTS OF OFFICERS—WHEN BINDING ON COMPANY.
    Defendant's testator, while treasurer of a corporation, signed as a witness a purported, but in fact forged, assignment in blank of stock of the corporation, at request of the company's transfer agent. Testator knew at the time that such agent intended to use it in procuring a loan from plaintiff. Held, that the fact that such testator and agent were officials and agents of the company did not make their acts binding on the company, so as to render the act of such executor harmless as to the lender.

Appeal from judgment on report of referee.