ASSIGNEE FOR CREDITORS—SETTLEMENT OF ACCOUNTS—NOTICE.

Under Laws 1877, c. 466, §§ 10–13, and Id. § 20, subd. 5, providing for the settlement of the accounts of an assignee for benefit of creditors, and for citation on all persons interested, where an assignee dies, and a compulsory proceeding is taken by certain of the creditors for an accounting by his personal representative and for a transfer of the assets to a substituted assignee, and for discharge of the sureties of the deceased assignee, all the creditors interested in the assignment must be cited.

In the matter of the assignment of Albert J. Farmer for the benefit of creditors. Application to confirm report of referee settling account of personal representatives of William Wolff, deceased, assignee. Report referred back to referee, with directions.

Robert Weil, for the motion.
W. B. Hornblower, opposed.

GILDERSLEEVE, J. This is an application for an order confirming the report of a referee taking and stating the account of the personal representatives of a deceased assignee. The motion therefor is made by the creditors upon whose application the accounting was directed and taken, and is supported by the assignee substituted in the place and stead of the original trustee whose estate is now accounting, while, on the other hand, it is opposed by the accounting administrators and by the surety upon the bond of the original assignee upon the various grounds stated in their respective exceptions and briefs. The papers in the accounting are so many and voluminous, and the items considered and determined are so extensive and complicated, that the court might properly, on this motion, adopt the position taken in the case of Smith v. Fitchett, 56 Hun, 473, 475, 10 N. Y. Supp. 459, and refuse to reverse the findings of the referee unless they are obviously erroneous. Without taking this view, however, it is evident, from a careful reading of all the papers, that the findings and conclusions of the report are not contrary to or against the weight of evidence, or erroneous, but that, on the other hand, the former are the necessary results of the testimony taken at the hearings, and the latter are properly explained and fully justified by the statements of the lengthy and careful opinion submitted by the referee with his report. It is urged, however, and with particular emphasis, by the surety upon the bond of the original assignee, that the court should refuse to confirm the report of the referee, by reason of the irregularity in the proceedings in which it is made, consisting of the failure

of the petitioning creditors to cite to the settlement of the account all creditors of the assigned estate who had duly presented verified claims to the assignee. It is contended that, in view of this conceded omission, the said creditors, not cited, cannot be and are not bound by this report made in a proceeding to which they were not parties, and of which they had no notice; that, as to them, the discharge of the surety contemplated by the order of reference cannot be granted; and that they may, at any time, reopen the matter or bring new and independent proceedings. The orders appointing the substituted assignee herein, upon the death of the original assignee, and directing an accounting and transfer of the assigned property by the personal representatives of the latter, were evidently made, and the proceedings herein were evidently had, under the authority of section 10 of the assignment act (Laws 1877, c. 466), as construed by In re Tousey, 2 App. Div. 569, 37 N. Y. Supp. 1025. This case, construing the said section, held (after declaring that an assignment for the benefit of creditors is an express trust, vesting, upon the death of the original assignee, in the supreme court, which may appoint, as successor of the deceased assignee, persons other than his personal representatives) that, in making the appointment of such a successor, the court should direct the personal representatives to account for the original assignee's proceedings, to turn over all the property of the estate to the new assignee, and that the sureties upon the bond of the deceased assignee should thereupon be discharged. Accordingly, upon the death of the original assignee herein, the substitution of his successor, and the qualification of his personal representatives, the court directed (1) the said personal representatives to account before the referee for "the property, funds, and effects of the assigned estate * * * with regard to the property and affairs of the assignment and to the proceedings" of the original assignee; (2) that the assigned assets be transferred by the said personal representatives to the substituted assignee, under the direction of the referee; and (3) that, upon such transfer and upon compliance with the order of this court made upon the accounting, the surety upon the bond of the original assignee be discharged from all further liability. Both the specific terms of the said order and the authority under which it was made required that the accounting herein be had to secure, and be such as would legally result in, the discharge of the surety upon the bond of the original assignee from all further liability. The accounting and transfer of the property should, the court says in Re Tousey (at page 573, 2 App. Div., and at page 1028, 37 N. Y. Supp.), be had, "not only that the new assignee may have possession of the assets of the estate, but that the surety of the old assignee should be discharged, as he had a right to be, upon the termination of the trust as to the deceased assignee. * * * That the surety of the old assignee be discharged" from what liability? From liability upon the bond of its principal, the original assignee, conditioned for the faithful performance of his trust duties under the deed of assignment, including the collection, sale, and conversion of the assets, the payment of proper, necessary, and reasonable expenses, and the

distribution of the balance of the estate among these creditors who have proved themselves entitled thereto. And from liability to whom? To all the cestuis que trustent under the assignment, i. e. to all the creditors who are specifically mentioned therein, or who, by duly presenting and proving their verified claims against the estate, establish their right to share in the distribution thereof. The rights of these creditors, as pro rata sharers in the balance of the estate, are necessarily involved in, and affected by, any proceeding in which that balance is determined, and in which the primary liability of their trustee and the secondary liability of his surety for that balance are declared. In any such proceeding they are entitled to be, and should be, heard upon the matters above stated, upon which the ascertainment of that balance depends. Their rights to their shares in the highest value of the estate of which they can offer competent and sufficient evidence cannot be affected, and the reciprocal liability to them of the assignee and his surety therefor cannot properly be discharged, in a proceeding to which they never were parties and of which they had no notice whatever. This is a general rule of procedure, founded in, and consistent with, reason and justice. Accordingly, with reference to accountings under the assignment act, the court has power to discharge the assignee and his surety at any time, upon performance of the decree, from further liability upon matters included in the accounting, only to creditors appearing and to creditors not having appeared after due citation or not having presented their claims after due advertisement; and, by subdivision 23 of rule 6 of the rules of the appellate division in this department, in no case can an assignee and his sureties be discharged, "except in a regular proceeding for an accounting under section 20 of the act, commenced by petition for citation and citation thereon to all persons interested in the estate." Section 11 of the assignment act, amended by Laws 1878 (chapter 318, § 3), provides for a citation to all parties interested in the estate to appear and show cause why a settlement of the assignee's account should not be had upon the petition of the assignee at any time after the assignment, or of the creditor, surety, or assignor at any time after one year from the assignment, or upon the removal of an assignee. Section 12 states that the citation on the petition of a creditor may be addressed to, and served on, the assignee alone, and, on the return thereof, the assignee may have a general citation issued to all parties interested, while section 13 describes the persons upon whom a "citation to all persons interested" must be served. Under subdivision 5 of section 20, the court has power, on a proceeding for an accounting under the act, to require the assignee to render and file an account of his proceedings, and to enforce the same in the manner provided by law for compelling an executor or administrator to comply with a surrogate's order for an account. Code Civ. Proc. §§ 2727, 2728. It is, however, claimed that in the case of a compulsory accounting, upon citation issued to the assignee or his representatives upon the petition of a creditor, it is unnecessary to cite to the settlement of the account all persons interested in the assigned estate. In support of this

position. the cases of In re Cowing, 26 Hun, 214, and In re Robinson, 37 N. Y. 261, are cited. This contention overlooks the distinction between a proceeding for the rendering of an account by a trustee and a proceeding for the judicial settlement of the account after it is rendered, which was noted, in the case of administrators, in Remington v. Walker, 21 Hun, 322, and is indicated, in the case of assignees, in Re Cowing, supra. The case last referred to, after reviewing the successive legislative enactments with reference to citations for and upon accountings by assignees, finally concludes that, under the assignment act as finally amended, the court may, on a creditor's application, require the assignee to render an account, and this without bringing in all parties interested or (note the significant distinction) proceeding to a final settlement. The case, therefore, is not an authority upon the point that upon the final settlement of the accounts of an assignee or his personal representatives it is unnecessary to cite all persons interested in the fund. So, too, In re Robinson, supra, is an authority upon the point that, in a proceeding for the appointment of a trustee by the court, the question to what parties notice shall be given is entirely discretionary with the court. So far as concerns the question involved in the present proceeding, the court says (page 264): "This was not an application for the removal of a trustee and for the passing and settling of his accounts. Had it been such, all persons interested in the trust property and estate should have been notified and made parties to the proceeding in the absence of all excuse for the omission." Finally, in Re Reynolds, 30 Misc. Rep. 398, 62 N. Y. Supp. 515, the court refused to state the account of a removed assignee as filed, to allow him commissions and counsel fees, and to cancel his bond and release his surety, upon payment of the net balance to his successor, "in the absence of creditors interested in the property of which an accounting is purported to be made." For these reasons, the matter must be referred back to the referee, with a direction that a general citation to attend the settlement of the account herein be issued to, and served upon, all parties interested, unless the jurisdictional defect of nonservice of citation is, as it may be, cured by the voluntary appearance of all interested parties, as defined by section 13 of the assignment act, before the referee, or by their written and acknowledged waivers of the issuance to, and service upon, them of said citation.

Ordered accordingly.