(98 App. Div. 511)

MOTT v. EDWARDS et al.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1904.)

1. SALES—ACTION   FOR   PRICE—INSOLVENCY   OF   SELLER—EVIDENCE—SUFFI-
    CIENCY.

    In an action on a demand in favor of a corporation purchased by plain-
tiff at public sale, evidence examined, and *held* sufficient to show that
the corporation was insolvent at the time of the sale.

2. SAME—INSOLVENT CORPORATION AS SELLER—LIABILITY OF BUYER—STATUTE.

    Since, under Rev. St. (8th Ed.) part. 2, c. 5, tit. 1, art. 8, § 1, declaring
assignees of insolvents to be trustees for the benefit of creditors of the
insolvent, the trustee or assignee is not bound by the acts of any director
or officer of the insolvent corporation who has used for his personal ben-
efit the assets of the corporation while the corporation was insolvent,
where property is purchased with knowledge that the purchase is being
made from a corporation through a person representing the corporation,
who is a stockholder and officer thereof, an executed oral arrangement
between the purchaser and the representative, whereby the purchase price
was to be paid by the transfer of property of the seller to the repre-
sentative individually, will not protect the buyer from liability to the
purchaser of the demand at a public sale of the accounts of the corpo-
ration by its assignee for the benefit of creditors, when the corporation
is shown to have been insolvent at the time the oral arrangement was
made and executed, even though the purchaser of the demand for the
purchase price has notice of the transaction at the time of his purchase.

3. SAME—EVIDENCE—ADMISSIBILITY—STATUTE.

    Plaintiff bought at a public sale by the assignee for the benefit of cred-
itors of an insolvent corporation an account for goods sold and delivered
to defendants, and the defendants, in an action by plaintiff for the pur-
chase price, which was brought in the Syracuse municipal court, set up
in their answer an agreement whereby an officer of the corporation was
to be permitted to trade out the amount of the purchase price at the
store of the defendants, and that the agreement had been executed. *Held*
that, to destroy the effect of the defense, evidence of the insolvency of the
corporation at the time the agreement was made was admissible, though
there was no allegation in the complaint of the insolvency, nor any reply
filed by the plaintiff to the answer; since Laws 1898, p. 1265, c. 530, § 14,
provides that the pleadings in the Syracuse municipal court shall be
governed by the provisions of the Code of Civil Procedure in regard to
courts of justices of the peace, and Code Civ. Proc. § 2935, relating to
pleadings in courts of justices of the peace, makes no provision for a
reply.

    McLennan, P. J., and Williams, J., dissenting.

Appeal from Special Term, Onondaga County.

Action by William K. Mott against Eleazer W. Edwards and an-
other.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

E. W. Gregg, for appellants.
C. W. Darling, for respondent.

SPRING, J.   The Onondaga Dynamo Company was incorporated
in 1895 with a capital stock of $25,000.   James W. Eager was its pres-
ident, and prior to 1897 became the owner of all its capital stock and
managed its affairs.   The defendants are in the mercantile business in
Syracuse, and in October, 1900, Eager sold to them a dynamo at the

agreed price of $150. There was a written proposition of sale made by the dynamo company, which was accepted in writing by the defendants. By this agreement the defendants were to pay $150 for the dynamo within 30 days after delivery. Eager and the defendants testified that there was a side oral agreement whereby the purchase price was to be paid by goods which Eager individually was to obtain from the store of the defendants. The balance alleged to be unpaid for this dynamo and a small sum for work and material comprise the claim on which the judgment was rendered. The defendants assert that the demand was paid by the goods which were furnished Eager. That he had the goods shortly after the dynamo was furnished and that they were for his individual benefit is not controverted. That a settlement in recognition of this payment by goods was had in March, 1901, is also testified to by Eager and Edwards, and is not disputed, although the receipt was not in fact signed by Eager and delivered over until October, 1902. The dynamo company made a general assignment for the benefit of its creditors October 18, 1902. At a public sale of its accounts by the assignee one Irish purchased the demand in suit, and subsequently transferred it to the plaintiff. We think the evidence shows clearly that the dynamo company was insolvent at the time of the alleged sale to the defendants. The company, with a capital stock of only $25,000, had owed for several years a continuing but varying indebtedness to the New York State Banking Company averaging about $35,000, and in 1900 it reached from $38,000 to $40,000. It had other outstanding obligations so that its indebtedness at the time of its assignment was $80,000, and it paid only 6 per cent. to its creditors. Eager testified that the corporation was solvent, but that it was insolvent at the time of the sale of the dynamo to the defendants is an irresistible conclusion. Eager had drawn back the funds of the corporation until he was in its debt at the time of its assignment in the sum of over $15,000. He was also indebted to it at the time of the transaction involved. To summarize: The company, with a capital stock of only $25,000, owed one bank $35,000, besides a large floating indebtedness. Without any change in its management or mode of doing business, it failed within two years for $80,000, paying only 6 cents on the dollar to its creditors. During that time it must have been kept in business by the leniency of the banking company, which itself succumbed to the strain and failed. Eager's statement, which is a mere conclusion of law, cannot gainsay the inevitable deduction from these facts. The corporation, then, was insolvent at the time of the sale of the dynamo to the defendants. They purchased knowing they were dealing with a corporation. The effect of their oral arrangement was to buy the property of a bankrupt corporation, and to pay the purchase price therefor by transferring property to its manager individually. The assets of a dying corporation cannot be frittered away by any such process. Morawetz on Private Corporations (2d Ed.) §§ 517, 523. They are to be held by the officers of the insolvent corporation as a trust fund for the benefit of its creditors, and they cannot be appropriated for the personal benefit of the directors. Joseph v. Raff, 82 App. Div. 47, 81 N. Y. Supp. 546. It may be that, if the stockholders of the defunct cor-

poration were endeavoring to enforce this claim, they would be estopped by their transfer of stock to Eager and assenting to his unrestricted management of the affairs of the corporation. A different situation is presented when the general assignee of the corporation is endeavoring to reach its assets for the benefit of its creditors. This assignee became the trustee for the benefit of the creditors of the corporation. Rev. St. (8th Ed.) Part 2, c. 5, tit. 1, art. 8, § 1; Rev. St. vol. 2, p. 1861, Banks & Bros. 9th Ed.; Pittsburg Carbon Co. v. McNillin, 119 N. Y. 46, 23 N. E. 530, 7 L. R. A. 46; Matter of Tousey, 2 App. Div. 569, 37 N. Y. Supp. 1025; Hurd v. N. Y. & C. Steam Laundry Co., 167 N. Y. 89–95, 60 N. E. 327; Cole v. Millerton Iron Co., 133 N. Y. 164, 30 N. E. 847, 28 Am. St. Rep. 615. His powers are superior to those of the stockholders or the corporation itself, for he is not bound by the acts of any director or officer who has used for his personal benefit the assets of the corporation while insolvent. The principle of estoppel does not arise to cut short his authority.

The fact that plaintiff purchased with notice is of no significance. If he had notice to the fullest measure, he was apprised that the defendants had arranged with the active manager of the corporation to purchase its property, and to pay therefor by permitting the manager individually to trade out the debt at their store. This sort of a transaction cannot be sustained when it develops that the corporation was insolvent at the time of the alleged sale, and the attacking party is the assignee representing the creditors, or one who stands on his title.

The point is taken that the complaint does not contain any allegation of the insolvency of the corporation. The plaintiff sued for goods sold and delivered, which was the only action maintainable by him. The answer sets up an agreement whereby Eager was to be permitted to trade out the amount of the purchase price at the store of the defendants, which was done. To destroy the effect of this defense it was competent to show that the corporation was insolvent at the time the agreement was made. We think no reply, in any event, would be necessary to this defense, as it is distinctly a defense; but it certainly could not be interposed in municipal court, where the pleadings are the same as in justice's court (section 14, c. 530, p. 1265, Laws 1898), and a reply is not one of them (section 2935, Code Civ. Proc.). On the trial Eager testified that the corporation was solvent. Thereupon he was examined on behalf of the plaintiff at great length on this subject, and the facts developed which established that the corporation was insolvent. The question of the insufficiency of the complaint was not suggested, and we cannot conceive how it could have been successfully raised. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

HISCOCK, J., concurs. STOVER, J., concurs in result only.

McLENNAN, P. J. (dissenting). As appears by the complaint, the action was brought upon the theory that the plaintiff was entitled to recover entirely independent of whether or not the dynamo company was insolvent at the time the property in question was transferred to

the defendants in payment of a debt owing to them by Eager, the president and sole stockholder of the dynamo company. There is no allegation of insolvency in the complaint, and that issue was in no manner raised by the pleadings. It also appears that the action was tried and decided in the municipal court and the judgment affirmed in the county court upon the theory that the question of insolvency was immaterial. Upon the trial no evidence was introduced to show such insolvency. In fact, the only witness who spoke upon the subject testified unequivocally that at the time of the sale and delivery the dynamo company was solvent. The prevailing opinion holds, in effect, that the judgment appealed from can only be sustained upon the ground that the dynamo company was insolvent at the time of the sale and delivery of the dynamo to the defendants, and it is urged that such inference is justified by the evidence. Even if the evidence warrants such an inference—which I think it does not—this court ought not to affirm the judgment upon the ground of such insolvency, for the reasons, as above stated, that upon the trial the question was not considered of consequence, and no issue of that nature was tendered by the pleadings. The action was tried and decided upon another theory, and it seems to me that the defendants should have an opportunity to try that issue before an adverse determination thereon is made the basis for the affirmance of a judgment against them, and before they are compelled again to pay for the dynamo which they purchased. There are no equities existing in favor of the plaintiff's claim, and we ought not to sustain the judgment upon a theory entirely different from that upon which the action was brought and decided in the courts below, and upon a ground which it is not suggested by the brief of counsel upon this appeal was made the basis of recovery. I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide event.

WILLIAMS, J., concurs in such dissent.